### ANNE E. LARKIN *vs.* CITY OF BOSTON.

Suffolk. March 10. — April 7, 1880. ENDICOTT & SOULE, JJ., absent.

A notice to a city that a person has been injured by a defect on a certain street does not sufficiently designate the place of the injury, under the St. of 1877, c. 234, § 3, if it appears that the street named is half a mile long.

TORT for personal injuries occasioned to the plaintiff by a defect in Windsor Street in Boston. At the trial in the Superior Court, before *Putnam*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*G. W. McConnell,* for the plaintiff.

*T. M. Babson,* for the defendant.

LORD, J. The St. of 1877, c. 234, makes great changes in the law as heretofore existing in relation to the public duty of keeping ways in repair, and the liabilities of those who fail in the performance of such duties. The particular change to which our attention is directed in this suit is as to the condition precedent to a right of action by an individual who suffers injury or damage by reason of such failure.

Section 3 of that act is: " Any person injured in the manner set forth in the preceding section shall within thirty days thereafter give notice to the county, town, place or persons by law obliged to keep said highway, town way, causeway or bridge in repair, of the time, place and cause of the said injury or damage, and if the said county, town, place or persons do not pay the amount thereof, he may within two years after the date of said injury or damage bring an action of tort against said county, town, place or persons, in the Superior Court, to recover the same."

The notice in this case, signed by the plaintiff's attorney on February 25, 1879, and sent to the mayor of the defendant city, was as follows: " Sir: I hereby notify you that on February 5, 1879, on Windsor Street, in said Boston, Mrs. Anne E. Larkin received injuries which were caused by a defect and want of repair in said street." The judge ruled that such notice was insufficient under the statute, and ordered a verdict for the defendant; and the correctness of that ruling is the question to be decided.

It will be observed that the notice is. dated February 25, 1879, stating the time of the injury to have been February 5, 1879. The notice was therefore within the statute time. It states the day, without in any mode indicating the part of the day, whether before noon or afternoon, whether in the daytime or in the night-time. Whether any more particularity as to time is necessary, we are not called upon to inquire. It is possible that some injuries, under some circumstances, might require a more particular designation of time than others, and possibly time may, under special circumstances, be so involved in the cause of the injury as to require a more specific designation than would otherwise be necessary. We decide nothing as to the sufficiency of the notice in reference to time, and

refer to the subject only to say that it has not been considered by us.

It is urged that the place is not sufficiently designated. The injury is stated to have occurred "on Windsor Street, in said Boston." The bill of exceptions finds that there are in Boston two streets named Windsor Street; that they are both in that part of Boston which was formerly Roxbury, and both within the same ward; that one of them, not that in which the injury was sustained, is a mile and a half long; and the length of the other is not given. It was stated at the bar during the argument, as an undisputed fact, that the length of that street is half a mile.

We do not deem the fact that there are two streets of the same name in the same city to be of any special importance; and if any confusion, doubt or uncertainty arises from such fact, we are not prepared to say that the city can avail itself of such uncertainty. The real question which we are to determine is, what particularity of place does the statute require; and this is to be determined by the object and purposes to be attained by the enactment, and the mischiefs to be guarded against. It would not be claimed that it would be sufficient to state that the injury was received in the town liable to keep the street in repair, for that would be no statement of the place, inasmuch as it is only the streets which are within the limits of the town that the town is required to keep in repair; nor would the purposes of the act be accomplished by holding that it would be sufficient to designate a large territorial tract by any of those subdivisions which are familiarly known in cities and towns as wards, fire districts, police districts, school districts, territorial parishes, and the like. There can be no doubt that the Legislature, in requiring the party to be notified of the place, intended such notice of the locality as to enable the precise spot where the injury was received to be ascertained with substantial or reasonable certainty. To say that an injury was received on Washington Street, or on Tremont Street, would allow to the mind of a citizen of Boston a range of miles; and such notice of place would be so utterly worthless that it were absurd to attribute such intention to the Legislature. Although the city of Boston would be bound to know the names and the lengths of its various

streets, yet the court is not supposed to have such knowledge. It may be that there are streets, ways, alleys or courts, which the city is bound to keep in repair, which are so extremely limited in length that the statement of the name of the street, alley or court might designate the exact spot where the injury was received, with substantial or reasonable certainty. We are not, therefore, called upon to say, that under no circumstances whatever would it be sufficient to state the name of the street. In the case at bar, it is found that there is really a length of two miles of street, known as Windsor Street; yet it is proper for us to consider the street thus designated to be but half a mile in length; or, to speak more accurately, we may properly take the view most favorable to the plaintiff which under any circumstances could be taken. We are therefore to determine whether the place is sufficiently designated when, by the designation, the spot may be anywhere within the limits of half a mile; and we are of opinion that such designation is clearly insufficient under the statute. It is true that if it had been said in the notice that the injury was in front of number 15 Windsor Street, such statement might indicate different localities, perhaps several miles apart; but such uncertainty, as before suggested, would arise from the act of the defendant itself, and would indicate no want of precision on the part of the plaintiff, who would not in law be bound to know that there was more than one street of that name, while the defendant might be bound to know, and to guard against the difficulties, inconveniences and uncertainties arising from the duplicating of names. We have therefore no doubt of the insufficiency of the notice as to place.

It is contended by the defendant that the notice is deficient also in the statement of the cause of the injury. It is contended that the statement that the road was out of repair, or defective, or both, gives no information, because there must also exist that cause, and there can be no other described in general terms; that the statute means that the nature and character of the defect should be pointed out; that otherwise a statement of the cause is unnecessary and useless. This is a question of much practical importance; but it is not essential to the decision of this case to pass upon it. There are some aspects in which, as we have remarked in relation to time, more particular description of the

cause may be required, under some circumstances, than would be required under other circumstances; and we are, therefore, not to be understood as expressing or intimating any opinion as to the sufficiency of the notice of the cause.

*Exceptions overruled.*