## COUNTY OF LAMOILLE,

AT THE

### AUGUST TERM, 1880.

PRESENT:

HON. JAMES BARRETT,
HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

### NOAH BUTTS v. TOWN OF STOWE.

*Iujury on Highway. Notice. Sidewalk.*

The notice is held insufficient as to the place of the accident, where *indefinite expressions*, as "a few rods," are used, where *exact distances* from prominent objects might have been given.

CASE heard at the December Term, 1879, POWERS, J., presiding. Action, to recover damages for injury sustained by the plaintiff by reason of alleged insufficiency of a highway. The court below held that the notice to the selectmen was not sufficient.

NOTICE.

*Selectmen of Stowe:* I hereby give you notice as selectmen of Stowe, that on the 4th day of November, 1877, I sustained serious bodily injury and damage in Stowe in consequence of the insufficiency and want of repair of the highway in Stowe leading from the center to the mill vil-

lage, at a place a few rods below T. A. Straw's starch factory, and between that and the bend in the road at the point of rocks just below the factory, and I shall claim damage of the town for such injury and damage. I was on my way to church, and walking on the sidewalk, which was unsafe, and I slipped; in consequence of which my right arm was dislocated at the shoulder, and I sustained other bodily injuries. The sidewalk was used for foot travelling by the town and townspeople, and it was out of repair, sideling and unsafe.          NOAH C. BUTTS.

November 19th, 1879.

*P. K. Gleed* and *L. S. Thompson*, for the plaintiff.

*V. P. Macutchan, Hendee & Fisk* and *Brigham & Waterman*, for the plaintiff.

The opinion of the court was delivered by

ROYCE, J.   This was an action on the case to recover damages for a bodily injury sustained by the plaintiff by reason of the insufficiency of the highway or sidewalk which the defendant town was bound to keep in repair, and the only question reserved is as to the sufficiency of the notice given to the defendant town.   Before offering the notice in evidence, the plaintiff testified that the north end of the sidewalk, upon which he was travelling at the time he received the injury complained of, terminated at the starch factory of T. A. Straw, and the south end terminated south of the point of rocks or bend in the road ; that the distance from the north end of the sidewalk to the point of rocks or bend in the road was eleven rods ; that there was no other bend in the road between the north end of the sidewalk and the point of rocks except the one opposite the point of rocks ; that there were no natural objects or buildings between said points, and that there was a spring of water on the east side of the road just opposite the place of the accident.   That the point of the accident was four rods from the north end of the sidewalk ; that the sidewalk at that point was three and a half or four feet wide, and was eight or ten inches the lowest on the side next the road, and that the accident was occasioned to him by slipping upon the walk.   That there were no other slants or sags in said sidewalk between said points as bad as this one, but that about two and one half rods be-

low this there was a sag of about one half the dip or slant of this one.

After the plaintiff had so testified, the notice given by him to the defendant town was offered in evidence, which described the place where he received the injury as being at a place a few rods below T. A. Straw's starch factory, and between that and the bend in the road at the point of rocks just below the factory. Was there error in holding that said notice, taken in connection with the plaintiff's evidence, was insufficient?

The sidewalk was made of posts and boards, and elevated above the natural surface of the road; and the insufficiency complained of is, that it was out of repair, sideling and unsafe. When the plaintiff testified he was able to locate the precise point of the accident by the distances from the point of rocks and the north end of the sidewalk and the spring of water upon the east side of the road; and the presumption is that he was as well able to locate that point at the time the notice was given as he was when he testified; so the court was warranted in finding that he did not state in the notice the place where his injury was received, with as much certainty as he reasonably might have done.

In *Law* v. *Fairfield*, 46 Vt. 425, it is said that the statute was intended to furnish to the town the same facilities for ascertaining the condition of the place causing the injury which the injured party has or could reasonably have; and in the cases since that, whenever the question has been passed upon by this court, that holding has been recognized substantially as the law of the subject. There has been no question about the rule, but the trouble has arisen in the application of it to the cases as prosecuted; and in its application the court has properly considered the question whether the town, with the aid of the notice, could certainly find the place where the injury was received. While the length of the highway is to be considered in that connection, it is not the criterion. There may be many other matters connected with it just as important to be considered. Here, the length of the sidewalk covered by the notice was eleven rods; its surface for the entire length was probably more or less uneven, and the accident was occasioned by slipping on that walk. The place where he slipped

Butts *v.* Stowe.

is described as being a few rods from the starch factory and between that and the point of rocks at the bend of the road. " A few rods " is a very indefinite expression, and might properly apply to the whole of the sidewalk, for it was only " a few rods " in length, so that the town was not aided in its search for the place by the distance attempted to be given from the starch factory. The only other aid the notice would give them is in the general description given of it as being unsafe and sideling ; but that applies as well to one part of the sidewalk as another ; so that the notice in the description of the place where the injury was received is not such as the law requires.

The judgment of the County Court is affirmed.