PETER POST *vs.* INHABITANTS OF FOXBOROUGH.

Norfolk.   January 14. — April 6, 1881.   COLT & FIELD, JJ., absent.

A written notice to a selectman of a town, that a person has been injured on a certain street between two houses, which are in fact half a mile apart, does not sufficiently designate the place of the injury, under the St. of 1877, c. 234, § 3, although there are no other houses between them, and is insufficient in not stating the cause of the injury; and such notice is not aided by a statement made by the injured person to another selectman, which is also indefinite as to the place, and does not name the time or the cause of the injury.

TORT for personal injuries occasioned to the plaintiff, on August 27, 1877, by a defect in a highway in the defendant town. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff testified that, while driving on Oak Street in the evening, his horse and carriage were thrown over the side of a bridge or culvert into the bed of a brook; and that he left his wagon there; that, on the day after the accident, a notice signed by him, and addressed to J. F. Leonard, chairman of the selectmen of the defendant town, was delivered to Leonard, and was as follows: "I want to know if that portion of Oak Street between Jason Morse's and David White's is private way or public highway, for I was thrown out of my team last night, and came near getting killed, and broke my wagon and had to leave it there."

Leonard testified that on receipt of the notice he sent two men to the place of the accident, who reported to him the condition of affairs at the place of the accident within an hour and a half after he sent them.

The plaintiff also signed and sent, on September 1, 1877, the following notice to Leonard: "I want to know what you are

going to do about that accident that happened to me on Oak Street; I have hurt my shoulder so I cannot use it." Within three weeks after the accident, the plaintiff went and saw Newton Howard, one of the selectmen, and said to him, "I got hurt down on Oak Street; ran off the bridge; hole is about two feet from wheel-rut; I got pretty well used up."

Oak Street is an old road in Foxborough; and, between the two houses mentioned in the first notice, is about half a mile in length with no curve in it, and with no other houses intervening; there are also two culverts or bridges in that space within one hundred and fifty feet of each other, of the same general character, at one of which the wheel-ruts run in about the middle of the travelled part of the road, and at the other, where the accident occurred, the wheel-rut on that side is from nineteen inches to two feet from the edge of the travelled part of the road. The hole testified to by the plaintiff was the bed of a brook about three feet below the road-bed, running under the culvert or bridge mentioned by him.

The plaintiff asked that the question of notice might be referred to the jury to say whether the defendant received such notice as the statute required; but the judge ruled that the plaintiff did not give sufficient notice to the town for the foundation of this action; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. T. Gallagher*, for the plaintiff, cited *Law* v. *Fairfield*, 46 Vt. 425; *Ranney* v. *Sheffield*, 49 Vt. 191; *Sawyer* v. *Naples* 66 Maine, 453; *Bradbury* v. *Benton*, 69 Maine, 194; *Harris* v *Newbury*, 128 Mass. 321.

*G. A. Torrey*, for the defendant.

SOULE, J. The plaintiff insists that he complied with the statute, which makes it a condition precedent to the maintenance of an action against a town to recover compensation for injury sustained from a defect in a highway, that the person injured shall, within thirty days thereafter, give notice to the town of the time, place and cause of the injury. St. 1877, *c.* 234.

He did not comply with the statute requirement by sending his first note to Leonard, the chairman of the selectmen of the defendant. As the distance between the two points on the highway named in that note is half a mile, it was not a notice of the

place; *Larkin* v. *Boston*, 128 Mass. 521; and the note contained no statement of any kind as to the cause of the injury, that phrase in the statute meaning the defect which caused the accident. *Taylor* v. *Woburn*, 130 Mass. 494. The second note to Leonard is equally defective as a notice. It says nothing to indicate where the accident occurred with any more definiteness than the first note stated it, and is absolutely silent as to the cause.

The conversation with Howard, another of the selectmen, was not a notice. It did not name the time, nor say anything about the time when the accident occurred; it was equally indefinite with the notes to Leonard, as to the place; and contained nothing as to the cause.

The communication to Howard cannot be tacked to the notes to Leonard for the purpose of making a notice out of the combination, even if, together, they contained enough to amount to notice, because they were made to different persons, and each being insufficient to affect the rights of the defendant town, there was no obligation on the part of the person receiving the communication to make it known to his associates, or to regard it as of any moment whatever. The case is very different in this respect from *Harris* v. *Newbury*, 128 Mass. 321.

*Exceptions overruled.*