CATHERINE E. SPELLMAN *vs.* INHABITANTS OF CHICOPEE.

Hampden.    September 27. — October 22, 1881.

In an action against a town for personal injuries occasioned to a person by an alleged defect in a sidewalk, the judge, before whom the case was tried without a jury, found that there was a depression in the sidewalk an inch deep at the deepest place, and running to a level with the rest of the walk in a distance of four feet in length and three in width; that water collected in this depression and froze there, and remained while the rest of the walk was clear; that the plaintiff fell on the ice and was injured; that the ice was smooth, and did not of itself constitute a defect, but that the depression, as it naturally collected the water and caused ice to remain in it, constituted a defect; and ruled that a notice stating as the cause of the injury that the walk "was out of repair, and was coated with ice, and was very slippery and unsafe, by reason of which he fell," was sufficient. *Held*, that the ruling was correct.

TORT for personal injuries occasioned to the plaintiff by a defect in a sidewalk of a street in the ·defendant town. Trial in the Superior Court, without a jury, before *Allen* J., who reported the case for the determination of this court, in substance as follows :

The evidence showed that the plaintiff was coming out of a store, on November 24, 1880, and stepped upon ice upon the sidewalk and fell; that upon a portion of the sidewalk was a depression, about an inch in depth at the deepest part and running out to a level with the rest of the walk in a distance of four feet in length and three feet in width; that water collected in this depression, and froze there, and remained while the rest of the walk was clear. The judge found that the ice was smooth and did not of itself constitute a defect, but that the depression naturally collecting the water, and causing the ice to remain in it, did constitute a defect.

On December 6, 1880, the plaintiff gave the following notice in writing to the town : " Respectfully represents Catherine E. Spellman, wife of Melden W. Spellman, both of said Chicopee, residing in a tenement No. 36 Perkins Street, that on the 24th day of November, A. D. 1880, about five o'clock in the afternoon, while she was walking on the sidewalk on the southerly side of Exchange Street, near the store occupied by H. Coggswell as a stove store, she was injured; that the causes

of her injury and the circumstances are as follows : She had just left the said store and stepped on the sidewalk, that the walk was out of repair, and was coated with ice in front of the store, and was very slippery and unsafe, by reason of which she fell; that the injuries consist of a sprained and bruised foot, ankle and leg, and internal injuries, and injuries to her head, wherefore she claims of the said inhabitants compensation in damages.

" Catherine E. Spellman,<br>By H. W. Ely, her Attorney."

The defendant asked the judge to rule that the notice was not sufficient, and did not set forth or give notice of any defect in the way for which the town was liable; that it contained no sufficient notice that the depression was a defect.   The judge ruled that the notice was sufficient, and found for the plaintiff.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*G. M. Stearns*, for the defendant.

*H. W. Ely & C. F. Ely*, for the plaintiff.

MORTON, J.   The only objection made by the defendant to the notice given by the plaintiff is that it does not sufficiently set out the cause of the injury, as required by the St. of 1877, *c.* 234, § 3.   The notice states as the cause, that " she had just left the said store and stepped on the sidewalk, that the walk was out of repair and was coated with ice in front of the store and was very slippery and unsafe, by reason of which she fell." It is not sufficient to assign as the cause that the way was defective, or in a dangerous condition, or out of repair.   *Noonan* v. *Lawrence*, 130 Mass. 161.   *Miles* v. *Lynn*, 130 Mass. 398. *Madden* v. *Springfield, ante*, 441.

But this notice does more than this.   It states that the walk was out of repair and was coated with ice and was slippery.   It is not the fair construction to hold that the only cause given is the slipperiness of the sidewalk.   It states two existing conditions which together constitute the cause of the injury, viz. that the sidewalk was out of repair, and that it was coated with ice and slippery.

A notice given under the statute ought not to be construed with technical strictness.   It is sufficient if it gives to the

officers of the town information with substantial certainty as to the time and place of the injury, and as to the character and nature of the defect which caused it, so as to be of aid to them in investigating the question of the liability of the town. The notice in this case informed the officers of the defendant town that the cause of the plaintiff's injury was the coating of ice joined with an improper condition of the sidewalk. It would naturally lead them to investigate, not only the state of the ice, but also the condition of the sidewalk and its construction and state of repair ; and a majority of the court is of opinion that it was a sufficient compliance with the statute.

*Judgment for the plaintiff.*