WILLIAM L. ROGERS *vs.* INHABITANTS OF SHIRLEY.

Piscataquis.   Opinion October 17, 1882.

*Ways.   Notice of defect.   Stat. 1877, c. 206.   Notice of injury by
defective   way.   Exceptions.*

If a duly elected and qualified ·highway surveyor in the town has twenty-four
hours actual notice of the existence of a defect in the highway before it is
the cause of an accident, from one who in good faith supposes him to be the
surveyor in the district where the defect exists, and the surveyor does not
inform him that the place is not within his jurisdiction, such notice will be
in legal effect a sufficient notice to the highway surveyors of the town,
within the purview of chapter 206, laws of 1877.

While a naked general complaint of a piece of road a mile and a half long,
giving no particulars of the nature and location of the defects, would not be
sufficient, the notice would not be vitiated if it included other places as well
as the one in question, and it is none the less a notice of the defect which
causes the accident because it is at the same time a notice of others.   It is
for the jury to determine, upon the whole evidence, whether the proper
officer had actual notice of the particular defect causing the accident.   But
it is not for the jury to determine the construction and sufficiency of the
written notice given to the municipal officers within fourteen days after
the accident.   The court should settle that where there are no disputed
facts upon which its sufficiency may depend.   Where the only specification
of location was that it was "on the highway in the town of Shirley, on the
road leading from Shirley corner to Greenville, in Shirley woods, so-called,"
the road in Shirley woods being a mile and a half long, this notice is
insufficient, and the jury should have been so instructed.

ON EXCEPTIONS.

The following are the exceptions :

Action for an injury to horse, alleged to have been caused by
a defective road.   Writ dated August 5, 1879.   One written
copy to be made for the use of the court.   The accident which
occasioned the injury happened on November 30, 1878.

The road through "Shirley woods," so-called, was about a
mile and a half long, and the whole distance was much in the
same condition, having been deeply rutted by heavy teaming,

thawing and freezing, and there were difficult places and spots in the road similar to the one where the accident happened.

The verdict was for the plaintiff, and no questions of law arise in the case excepting upon the rulings upon notice.

The written notice after the accident, dated December 10, 1878, is made a part of the case to be copied. Upon this branch of the case, the court remarked to the jury as follows :

"Was there notice to the defendants? Two notices are now required. One being a notice of the defect before the injury, the other being a notice of the injury afterwards.

"First : The statute provides that the highway surveyors must have actual notice of the defect or want of repair twenty-four hours at least before the accident. It appears that Mr. Dennin was chosen and qualified as a road surveyor for the year 1878, when the accident happened. Nothing further appears. If he had the required notice, and was applied to to remedy the piece of road where the defect was, and did not communicate the fact to those who complained to him of the defective road, that he had no jurisdiction of the limits within which the defective place was situated, then the notice to Mr. Dennin would be in legal effect a notice to "the surveyors," and would be sufficient. Was that so, and had he twenty-four hours at least actual notice? The notice was general, a notice of a bad road including other places as well as this in question. But it was none the less a notice of this place because at the same time a notice of others.

"Second : Had the town a written notice of the accident within fourteen days thereafter, the notice setting forth the claim for damages, and specifying the nature of the plaintiff's injuries and the nature and location of the defect which caused the injury. A notice in writing was seasonably served on one selectman. A notice to one was sufficient. It is objected by defendants that the notice is not definite enough of the location of the defect complained of, that it is too general. On the other hand the plaintiff contends that it could not be otherwise than somewhat general. I instruct you, that if the notice did not in fact mis-

lead the defendants, and was enough to lead the town into such inquiry and investigation as would result in their acquiring a full knowledge of the facts in the case, it would be sufficient."

To which rulings and directions the defendants except.

(Notice.)

"Greenville, December 10, 1878.

"To the municipal officers of the town of Shirley in the county of Piscataquis :— You are hereby notified that one of my horses got his foot caught in a hole on the highway leading from Shirley corner to Greenville, and that by reason thereof he broke his leg, thereby entirely injuring said horse ; that the cause of the injury was a defect on the highway aforesaid, in the town of Shirley aforesaid, in Shirley woods, so-called, on said highway. That the defect was a large hole or rut in the road aforesaid, at the place aforesaid, and that I claim two hundred dollars as damages for the injury to the horse, to wit : the killing of the horse. The injury was on the thirtieth day of November, A. D. 1878.

William L. Rogers."

*Henry Hudson* and *Josiah Crosby*, for the plaintiff.

Upon the question of notice of the defect, counsel cited : *Porter* v. *Sevey*, 43 Maine, 530 ; *Newbit* v. *Appleton*, 63 Maine, 492 ; *Sawyer* v. *Naples*, 66 Maine, 453 ; *Rich* v. *Roberts*, 48 Maine, 550 ; *Cunningham* v. *Horton*, 57 Maine, 420 ; *Staples* v. *Wellington*, 58 Maine, 453.

The second notice or notice of the accident, was a sufficient compliance with the statute. *Blackington* v. *Rockland*, 66 Maine, 333 ; *Bradbury* v. *Benton*, 69 Maine, 197 ; *Hubbard* v. *Fayette*, 70 Maine, 124.

It is claimed that the location of the defect is not sufficiently specific. "Shirley woods" was a locality well known. There were a large number of defects similar to the one in which the injury was received. It would be nearly impossible to write a notice that would indicate the exact hole which caused the accident. If the notice had located the defect as at one side, or in the middle, or two-thirds through "Shirley woods," it would be no better notice in this case.

The sufficiency of the notice must depend on the circumstances. What would be a good description in one case might be wholly insufficient in another. Here the location was sufficiently definite to be understood by the municipal officers and that is what the law requires.

*Robinson and Everett*, for the defendants.

BARROWS, J. November 30, 1878, the plaintiff's horse broke his leg by getting it caught in a hole or rut, "in Shirley woods, so-called," "on the highway leading from Shirley corner to Greenville," and he brings this action against the town to recover damages therefor. The verdict was in his favor, and the case comes before us upon exceptions to the rulings of the presiding judge upon the questions of notice before and after the accident. The case arises under c. 206, laws of 1877, which gives the plaintiff a remedy if, before the accident occured, the municipal officers, highway surveyors or road commissioners of the town had "twenty-four hours actual notice of the defect or want of repair" which occasioned it, and the party sustaining the injury notified the municipal officers or some one of them within fourteen days after its occurrence, "in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused the injury."

I. As to the notice of the existence of the defect before the accident, the inquiry is not now what it was under R. S., c. 18, § 65, before it was amended, *i. e.* whether the town "had reasonable notice of the defect or want of repair." This phrase had in process of time become as well defined by judicial decisions as its nature would permit; but it is obvious that it is not what the statute now requires as a condition precedent to the maintenance of the action. The call now is for twenty-four hours actual notice to the municipal officers, highway surveyors or road commissioners of the town, of the defect or want of repair, which is the cause of the accident, provable as in other cases where actual notice is required, by circumstances showing personal knowledge on the part of the party to be notified, or information conveyed to him by others, of the existing facts. Nor can one be said to

have actual notice of such a thing as this statute has reference to, until both the character, and approximately the location upon the face of the earth, of that which constitutes the defect, is in some way made known to him, so as to distinguish it from parts of the road which are not thus defective, though it is not essential that he should appreciate the danger likely to arise therefrom.

The statement of the evidence upon which the ruling of the presiding judge, as to the notice prior to the accident was based, is very meagre, so much so that it is not easy to determine whether the defendants were or were not aggrieved by the instruction given on this point. The only information we have respecting it, is that "the road through Shirley woods, so called, was about a mile and a half long, and the whole distance was much in the same condition, having been deeply rutted by heavy teaming, thawing and freezing, and there were different places and spots in the road similar to the one where the accident happened."

The phraseology leaves us in doubt whether there were continuous ruts all the way amounting to a defect, or whether there were several different places within the distance of a mile and a half which needed repair, in one of which the accident occurred.

That such a road at that season of the year would grow worse every time a heavily loaded team passed over it, is reasonably certain. Whether it would be defective and dangerous might depend upon the changes occurring within twenty-four hours from freezing to thawing, or the reverse; and it would be almost certain that the holes made by the wheels would be deeper in some places than others, and probable enough that the depth might be increased within the twenty-four hours next preceding the accident.

The exceptions do not show the manner in which the accident occurred, nor whether the road was worse at the point where the horse broke his leg, than elsewhere in the vicinity. They are equally silent as to the manner in which the plaintiff attempted to prove the twenty-four hours notice except as we may infer it from the language of the charge, which was in substance, that if one Dennin who was chosen and qualified as a road surveyor for

1878, "had the required notice, and was applied to to remedy the piece of road where the defect was, and did not communicate the fact to those who complained to him of the defective road, that he had no jurisdiction of the limits within which the defective place was situated, then the notice to him would be, in legal effect, a notice to 'the surveyors,' and would be sufficient." With that he committed it to the jury, to decide whether Dennin withheld from those who complained to him of the defective road, the fact that he was not surveyor for that district, and whether he had at least twenty-four hours actual notice; and here the presiding justice added the instruction (which forms one of the chief grounds of complaint), that "the notice was general, a notice of a bad road including other places as well as this in question; but it was none the less a notice of this place because at the same time a notice of others."

Now as to the effect of giving "the required notice" to Dennin, in the contingency supposed, we think the instruction was correct. A notice required to be given to the municipal officers, was held in *Sawyer* v. *Naples*, 66 Maine, 455, to be sufficient if given to one of them. It is true that highway surveyors with definite limits to their districts, stand on a somewhat different footing. But while the legislature perhaps intended that the twenty-four hours actual notice contemplated in the act of 1877, c. 206, should be given either to one of the municipal officers having general superintendence of the affairs of the town, or to the surveyor of the district whose business it was to remedy the defect, they have not said so; and we have no doubt that if the information of the defect is given to either of the highway surveyors in good faith, in the belief that the defective place is within the limits of his district, and he allows his informant still to believe that it is so, and does not communicate the fact that it is not, the town would be estopped to dispute the sufficiency of the notice, so far as the question relates to the person to whom it should be given.

When the communication is oral, or the proof of actual notice is circumstantial, the question whether there has been actual notice is for the jury. *Porter* v. *Sevey*, 43 Maine, 530.

In the present case whether any of the officers named in the statute had "the required notice," was a question of fact for the jury, upon testimony of which we have no report. So far as appears, the plaintiff undertook to prove actual notice by verbal communications to Dennin as one of the highway surveyors of Shirley, by parties whom (whether he was or was not the surveyor of the district where the accident occurred,) he dismissed in the belief that he was so. There was no error in the ruling qualified as it was, that "if he had the required notice," it would be, in legal effect, a notice to the highway surveyors.

Nor in the absence of any statement of the communication made to him can we say that the remainder of the instruction was incorrect. The presumption is the other way, and it was for the excepting party to state enough in his exceptions, to show that the instruction was either incorrect as matter of law, or inapplicable to the evidence. Clearly it would not vitiate "the notice of this place," because at the same time notice of other defects was given. We do not mean to say that a naked general complaint of a bad road through Shirley woods, giving no particulars of the nature and location of the defects, would be sufficient, or that any notice would be sufficient which was not "a notice of *this place*," — but that these exceptions fairly construed do not show that such was the character of the notice given to Dennin. The language of the instruction would seem to imply, that there was "a notice of this place," and also of other defects given at one and the same time.

II. The notice of the claim upon the town to be given to the municipal officers within fourteen days after the accident, is now required to be in writing, and it was so given. The defendants objected to it as insufficient and except to an instruction given to the jury that "if it did not in fact mislead the defendants, and was enough to lead the town into such inquiry and investigation as would result in their acquiring a full knowledge of the facts in the case, it would be sufficient."

The cases of *Blackington* v. *Rockland*, 66 Maine, 332, and *Bradbury* v. *Benton*, 69 Maine, 194, relied on to support the ruling, both arose under the statute of 1874, c. 215, in which

the only notice of the existence of the defect before the accident required was the old "reasonable notice" called for in R. S., c. 18, § 65; and the notice of the claim for damages, not necessarily in writing, was to be given within sixty days "specifying the nature of his injuries." The reasoning of the court in those cases, was based upon the statutes as they then stood. The requirements of the present statutes are materially different. Under c. 206, laws of 1877, the subsequent notice must be in writing "setting forth his claim for damages and specifying the nature of his injuries and the nature and *location of the defect* which caused such injury."

The construction and sufficiency of the written notification should have been passed upon by the presiding judge as matter of law. He should not have put the jury upon the inquiry whether it was enough to lead the town to such investigation as would result in their learning the facts of the case. That is not the test of the sufficiency of the notice now required.

The notice might accomplish that without stating "the nature and location of the defect." But such a statement is none the less required by the present statute. The only attempt to meet that requirement in the notice here presented, is, that it was "a hole in the highway leading from Shirley corner to Greenville, . . . in the town of Shirley, aforesaid, in Shirley woods, so called." This is not specifying the location of the defect. It was an undisputed fact that the road through Shirley woods was about a mile and a half long, and we think the jury should have been instructed as matter of law that the notice was insufficient. *Hubbard* v. *Fayette*, 70 Maine, 121 ; *Larkin* v. *City of Boston*, 128 Mass. 521.

See *State* v. *Patterson*, 68 Maine, 473, for full discussion as to the respective provinces of court and jury where the meaning and effect of written evidence are in question.

It cannot truthfully be said that here was as good a specification of the location of the defect as the plaintiff under the circumstances could make. To say nothing of other modes, with reasonable attention to the requirements of the statute, he could

have made a statement of distances approximately correct which would have defined the location within less than a mile and a half. *Larkin* v. *Boston,* is exactly in point.

*Exceptions sustained.*

VIRGIN, PETERS and SYMONDS, JJ., concurred.

APPLETON, C. J., being interested, did not sit.