### LOUISA A. LOWE *vs.* INHABITANTS OF CLINTON.

Worcester.   Oct. 4. — Nov. 29, 1882.   LORD, C. ALLEN & COLBURN, JJ.,
absent.

In an action for personal injuries occasioned by a defect in a highway, the notice given by the plaintiff under the St. of 1877, c. 234, stated the cause of the injury to be a defect in that portion of a certain street in the defendant town lying between the residences of two persons named, "to wit, a stump projecting four inches above the surface of the sidewalk on the east side of said street, between the residences aforesaid." The evidence showed that these houses were about fifty rods apart; that there were three other houses between them; that between two of the other houses there was a stump projecting two and a half inches above the surface of the street, the roots of which, extending easterly and westerly, were distinctly traceable by the eye; and that there was no other stump within the fifty rods. *Held*, that the notice sufficiently designated the place of the injury, within the statute.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

On the night of May 9, 1879, the plaintiff, while walking on the sidewalk, in the exercise of due care, on the east side of North Main Street in the defendant town, struck her foot against a pine stump, and was thrown down and injured.

On the 16th of that month, she gave a notice in writing to the town, in which she stated that she, "while passing along and over that portion of North Main Street, in said Clinton, lying between the residences of C. C. Stone and Ethan A. Currier, was tripped up and thrown down, thereby causing a severe

injury to her right knee," "and that the cause of her falling was a defect or want of repair in said street, to wit, a stump projecting four inches above the surface of the sidewalk on the east side of said street, between the residences aforesaid."

The plaintiff's evidence tended to show that there was a sidewalk on the east side of the street, which extended all the way between the houses of Stone and Currier; that the sidewalk was of natural soil, not finished with granite curbing, and was in some places six or seven feet wide, and in other places of less width, but was a walk for foot-passengers in constant use for years; that the houses of Stone and Currier were fifty rods apart, and on opposite sides of the street; that between these houses, on the east side of the street and nearer to Stone's than to Currier's, were the houses of one Creamer and of one Powell, and that there was a third house nearer to Currier's; that in the sidewalk, two and a half feet from the fence, between the houses of Creamer and Powell, was a hard-pine stump, about the size of a broomstick on top, which projected two and a half inches above the surface of the walk, and from this stump roots extended both easterly and westerly, which were distinctly traceable by the eye, and were worn by footsteps, but which were not materially above the level of the sidewalk; and that this was the only stump within the fifty rods of walk between the houses named in the notice.

When the plaintiff's evidence was put in, the judge, at the request of the defendant, ruled that the notice was defective in not setting forth the place of the accident with sufficient certainty; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*W. S. B. Hopkins*, (*J. Smith* with him,) for the plaintiff.

*C. G. Stevens*, for the defendant.

DEVENS, J. The notice under the St. of 1877, *c.* 234, attributes the cause of the plaintiff's injury to a defect or want of repair in that portion of North Main Street, in Clinton, lying between the residences of C. C. Stone and Ethan A. Currier, "to wit, a stump projecting four inches above the surface of the sidewalk on the east side of said street, between the residences aforesaid." These dwelling-houses were about fifty rods apart, and there were three other . houses between them on the east

side of the street. That the stump might have been located more nearly and accurately is obvious; but the best and most careful description of the place and cause of injury is not required, if the purpose of the notice is fairly answered. It must have been contemplated that such notices would often be given by others than professional men, and, even when prepared with the aid of the latter, that such preparation must often be without entirely precise and definite information. It is sufficient if such a notice enables town officers to make proper investigation as to the liability of the town, by so informing them of the time, place and cause of the injury that they may do this. *Spellman* v. *Chicopee*, 131 Mass. 443.

When the town officers were informed, in the case at bar, that the place of the injury was between the two houses fifty rods apart, and that the cause was a stump on the easterly sidewalk between them, and the only evidence received tended to show that there was such a stump projecting two and a half inches above the surface, which must have been clearly visible, as even its roots, which extended easterly and westerly, were distinctly traceable by the eye, and that there was no other stump within the fifty rods, the notice should not have been ruled to be insufficient. If such were the facts, it enabled the authorities of the town to ascertain where the injury was alleged to have been received, and whether that which was claimed as its cause was really a defect. The object named as the cause of the injury located the precise spot where it was claimed to have occurred. The place would not perhaps be sufficiently designated when it might be anywhere within a space of even fifty rods; but when it is defined by a particular visible object, of which only one exists within the space, there is no embarrassment to those to whom the notice was given.

The defendant calls our attention to the cases of *Law* v. *Fairfield*, 46 Vt. 425, and *Butts* v. *Stowe*, 53 Vt. 600, decided under the statute of that State (St. of Vt. 1874, *no.* 51), which resembles in some respects our statute. In the latter of these cases, a notice described the place where the injury was received as "at a place a few rods below T. A. Straw's starch factory, and between that and the bend in the road at the point of rocks just below the factory." The distance was eleven rods, and the

notice was held not to be such as the law requires. But it is to be observed that the law of Vermont does not require the cause, but only the time and place, of the injury to be stated. The place might therefore have been anywhere within the eleven rods, and the statement of it was in no way aided, as here, by assigning a well-defined object, within the limits named, as the cause of the injury.                *Exceptions sustained.*