JOHN SHALLOW *vs.* CITY OF SALEM.

Essex.   November 7. — 30, 1883.   W. ALLEN & HOLMES, JJ., absent.

A notice to a city that a person has been injured by a defect "on the northerly side of E. Street, about seventy-five or one hundred yards from the corner of L. Street, and nearly opposite the gateway of the first house on that side of E. Street from said corner," does not sufficiently designate the place of the injury, under the St. of 1877, c. 234, § 3, if it appears that the injury occurred on the south side of E. Street.

The St. of 1882, c. 36, providing that no notice given under the Pub. Sts. c. 52, § 19, " shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury: provided, that it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby," does not apply to an action for an injury, notice of which has been given before its enactment.

TORT for personal injuries occasioned to the plaintiff on January 20, 1882, by a defect in a highway in the defendant city. Answer, a general denial.   Trial in the Superior Court, before *Knowlton*, J., who ruled that the notice given by the plaintiff to the defendant on January 30, 1882, was insufficient, and that the plaintiff could not maintain his action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*C. A. Benjamin*, for the plaintiff.

*J. A. Gillis*, for the defendant.

DEVENS, J.   The notice required by the St. of 1877, c. 234, is a condition precedent to the right to maintain an action against a city or town in cases like the one at bar.   It cannot be held that the notice given complied with the provisions of the statute, in stating the place of the injury alleged to have been received by the plaintiff.   The injury for which

the plaintiff sought to recover in fact occurred on the south side of Everett Street, while the notice alleged it to have been "on the northerly side of Everett Street, about seventy-five or one hundred yards from the corner of Lafayette Street, and nearly opposite the gateway of the first house on that side of Everett Street from said corner." Not only was the place of the injury thus located on the north side, but the house by means of which it was specially defined was there located also. There was no inconsistency in the notice as given, and there was no fixed or permanent object referred to, either as identifying the place, or as being the occasion of the injury, which would indicate that a mistake had been made as to the side of the street. It was rightly ruled, therefore, that the notice was not sufficient. *Larkin* v. *Boston*, 128 Mass. 521. *Post* v. *Foxborough*, 131 Mass. 202. *Lowe* v. *Clinton*, 133 Mass. 526. *Cronin* v. *Boston*, 135 Mass. 110.

But the plaintiff contends that, inasmuch as there was no intention to mislead, and as the defendant was not actually misled by the insufficiency of the notice, the St. of 1882, *c.* 36,* although enacted subsequently to the plaintiff's injury, and to the giving of the notice by him, is to be construed as acting retrospectively, and thus as validating the notice in the case at bar, even if otherwise it would be insufficient.

We have no occasion to consider whether, or under what circumstances, a right of action might be created against a city by clearly expressed legislation, where such right did not previously exist, as this statute does not indicate any such intent. Even if it be remedial in its character, and intended to affect procedure only, full force is given to it when it is applied to cases in which the time for notice had not expired, and the notice had not been given, although the injury might have occurred before its passage. To treat it as applicable to those cases where the time for notice had expired, and where no sufficient notice had

---

* This statute, approved on February 24, 1882, amends § 19 of the Pub. Sts. *c.* 52, by adding thereto the following: " But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury: provided, that it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

been given, is to give it a retroactive character in no respect demanded by its language. That certain statutes retrospective in their operation may be passed, when of a remedial character, is not controverted; but the general rule applicable to all statutes is that they are to have a prospective operation only, unless it is otherwise distinctly expressed in them, or clearly implied from the necessity of thus giving effect to their provisions. *Garfield* v. *Bemis*, 2 Allen, 445. *Bucher* v. *Fitchburg Railroad*, 131 Mass. 156. *Kelley* v. *Boston & Maine Railroad*, 135 Mass. 448. The language of the St. of 1882 applies to notices given after the act shall take effect; and there is nothing to take it out of the operation of the general rule.

*Exceptions overruled.*