### PHŒBE A. DALTON *vs.* CITY OF SALEM.

Essex.    Nov. 7, 1883. — Jan. 1, 1884.    W. ALLEN & HOLMES, JJ., absent.

A notice to a city that a person has been injured by falling upon the sidewalk of a street named, "the fall being consequent upon the icy and slippery condition of the said sidewalk," sufficiently designates the cause of the injury, within the St. of 1877, c. 234, § 3.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city.

At the trial in the Superior Court, *Knowlton*, J., ruled that the following notice, signed by the plaintiff, did not sufficiently state the cause of the injury:

"Salem, Nov. 29, 1879.

" To the board of aldermen of the city of Salem :

" The undersigned respectfully represents that on Friday, the 21st day of November, 1870, at 1 1-2 o'clock, P. M., while passing on the sidewalk on Lafayette Street, near Lagrange Street, she fell to the sidewalk, breaking her wrist and sustaining other severe injury, the fall being consequent upon the icy and slippery condition of the said sidewalk. She therefore respectfully asks that she may be compensated by the city for such damage and injury, and the expenses occasioned thereby."

The jury were directed to return a verdict for the defendant; and the plaintiff alleged exceptions.

*C. Sewall*, for the plaintiff.

*J. A. Gillis*, for the defendant.

COLBURN, J. The only question in this case is, whether the court was right in ruling that the notice did not sufficiently state the cause of the injury.

The purpose of the notice was to give the city such information as would enable it to investigate the cause relied upon; and, if it was sufficient for this purpose, it was sufficient as a condition precedent to maintaining the action. *Lowe v. Clinton*, 133 Mass. 526. The notice states, as the cause of the injury, a fall " consequent upon the icy and slippery condition of the said sidewalk." It is true that a sidewalk may be icy and slippery, without being defective. *Stanton v. Springfield*, 12 Allen, 566. It is equally true that the ice on a sidewalk may be in such form as, combined with its slipperiness, renders the way defective. *Luther v. Worcester*, 97 Mass. 268.

It was not necessary that the notice should designate the cause of the injury as a defect; *Savory v. Haverhill*, 132 Mass. 324; and it should not be construed with technical strictness. *Spellman v. Chicopee*, 131 Mass. 443.

We are of opinion that the notice in this case called the attention of the city with sufficient distinctness to the cause relied upon to answer the purpose required; and that it was not necessary that it should state with such particularity the form of the ice as to show that it was necessarily a defect.

The sufficiency of the notice as a condition precedent to maintaining the action, and the sufficiency of the defect to render the city liable, are distinct questions.          *Exceptions sustained.*