## LUCY S. CANTERBURY *vs.* CITY OF BOSTON.

Suffolk. Jan. 14. — Feb. 26, 1886. DEVENS & GARDNER, JJ., absent.

In an action against a city for personal injuries occasioned by falling upon a sidewalk, the notice to the city stated the cause of the injury to be an accumulation of snow and ice. The evidence tended to show that the cause stated in the notice, combined with an improper construction of the sidewalk, constituted the defect. The judge who presided at the trial ruled, that, under the St. of 1882, c. 36, if there was no intention to mislead the defendant by the statement as to the cause of the injury, and the defendant was not in fact misled thereby, an inaccuracy in the statement would not render the notice invalid. *Held,* that the ruling was right.

TORT for personal injuries occasioned to the plaintiff by falling on the sidewalk of Mount Vernon Street, in the defendant city. Trial in the Superior Court, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

The accident happened on February 28, 1883; and on March 6, 1883, the plaintiff served the following notice on the defendant, dated March 3, 1883: "You will please take notice that on the evening of February 28, 1883, between nine and ten o'clock, P. M., I received a bodily injury by reason of a defect in a highway in said city, to wit, a defect on the sidewalk in front of the house and premises occupied by Samuel D. Warren, on Mount Vernon Street (Wards 9 and 10) in said Boston, said premises being numbered sixty-seven (67) on said street; and said defect being an accumulation of snow and ice on said sidewalk, which accumulation of snow and ice caused me to slip and fall while travelling on foot on said sidewalk; and I look to the city of Boston for compensation for such damages."

The plaintiff's evidence tended to show that there was an accumulation of ice and snow on the sidewalk in front of said 67 Mount Vernon Street; and that, by reason of said accumulation, the plaintiff fell. The defendant's evidence tended to show that what ice was on the sidewalk was not more than one eighth to one quarter of an inch in thickness, and was smooth and slippery. The plaintiff, in putting in her case, introduced no evidence of any defect in the construction of the sidewalk. On the cross-examination of the defendant's witnesses, it appeared that the sidewalk was eleven feet wide, and

sloped a little from the line of the street toward the gutter, and also somewhat with the hill, toward the westerly end of the street; that there was a yard belonging to the house numbered 67, which was somewhat higher than the highway, and separated from the highway by a stone barrier, about a foot high, above the surface of the sidewalk; and that the yard was about twenty feet square, and what snow remained in the yard, and was not removed, when it melted, drained on to the sidewalk. The defendant's evidence tended to show that what was on the sidewalk at the time of the accident resulted from the freezing of water which, during the day of the accident, had flowed on or over the sidewalk from said yard. There was no evidence to show any previous accumulation in that place; but it appeared that the night was cold, and that the city's officers, whose duty it was to take notice of defects in sidewalks, had passed over this walk two or three times between sunset and the time of the accident, which was between nine and ten o'clock in the evening. There was evidence that a driveway crossed the line of the sidewalk a few rods farther down the hill, through which water might pass into the gutter; and there was also evidence, which was not disputed, that officers of the city, whose duty it was to observe and report the condition of the sidewalks, and other persons, called by the defendant as witnesses, were informed on the night of the accident of the place where it happened, and that then, and again the next morning, they examined the place; and that at that time the mode of construction of the sidewalk, and its relation to the adjacent land, and all other matters which were relied on by the plaintiff at the trial, as tending to show that the street and sidewalk were not in proper condition, were apparent. But there was no evidence that the plaintiff ever gave the defendant notice or information before the trial that she intended to claim that the street was defective in any other particulars than those set out in her notice, dated March 3, 1883, or that the defendant had any reason to believe that she would so claim, other than what might be inferred from its knowledge of the place and cause of the accident.

The defendant asked the judge to rule that the plaintiff could not recover on the ground of an improper construction of the sidewalk, "because no such defect was set forth in the notice."

But the judge refused so to rule; and ruled that, under the St. of 1882, *c.* 36, if it was shown that there was no intention to mislead the defendant by the statement of the notice as to the cause of the injury, and that the defendant was not in fact misled thereby, an inaccuracy in that statement would not render the notice invalid.

Upon the claim of a defect, two questions were submitted to the jury: 1. Whether there was such an accumulation of snow or ice as, by reason of its size and shape, caused an obstruction to travel. 2. Whether the walk was defective from slipperiness of smooth ice.

Upon the latter question the jury were instructed as follows: "If the ice was smooth and slippery, the jury cannot find for the plaintiff, unless it appears that there was some special reason for the formation of ice in that particular locality, owing to the construction or condition of the street or sidewalk; that the ice there formed rendered the street unsafe and dangerous; and that, but for such defect, the plaintiff's injury would not have happened."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. M. Babson*, for the defendant.

*G. A. Torrey*, (*T. F. Nutter* with him,) for the plaintiff.

FIELD, J. The exceptions relate only to the sufficiency of the notice. The notice given in this case accurately described the time and place of the injury. The defendant contends that the jury may have found for the plaintiff on the ground that the defendant was liable, not because there was any accumulation of snow and ice which was in itself a defect, but because the sidewalk was so improperly constructed that it occasioned the formation of smooth and slippery ice, in a manner other than would occur from natural causes if the sidewalk had been properly constructed; and that the notice did not state the improper construction of the sidewalk as a cause of the injury. The existing condition of the law upon defects in highways caused by accumulations of snow and ice need not be discussed. If it be assumed, as the defendant contends was the view of the law taken at the trial, that smooth and slippery ice, formed upon an improperly constructed sidewalk, by reason of this construction

would, in connection with the faulty construction, constitute a defect, when the same formation of ice upon a properly constructed sidewalk would not, we still think the sufficiency of this notice, in stating the cause of the injury, was properly submitted to the jury. The notice is required, not for the purpose of setting out in writing the legal ground of liability of the city or town, but for the purpose of calling the attention of the proper authorities to the physical objects in the highway, or to the physical condition of it, which caused the injury, that they may make the necessary investigation. *Bailey* v. *Everett*, 132 Mass. 441. *Dalton* v. *Salem*, 136 Mass. 278. This notice did describe the immediate cause of the injury, which, in connection with the faulty construction of the sidewalk, constituted a defect in the street, as the jury have found under instructions of the court not excepted to. Under any view of the law, the actual cause of the injury was at least partially described, and, if not described with complete accuracy, the jury have found that, in giving the notice, there was no intention to mislead the defendant, and that the defendant was not in fact misled thereby, and the case is clearly within the St. of 1882, *c.* 36, even if, before this statute, the notice could have been held insufficient. See *Spellman* v. *Chicopee*, 131 Mass. 443.

<em>Exceptions overruled.</em>