MARY MALONEY *vs.* SAMUEL P. COOK, City Treasurer.

PROVIDENCE—NOVEMBER 11, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Defect in Highway. Notice to Town or City Council. Requisites and Sufficiency.*

A notice, under the provisions of Gen. Laws R. I. cap. 36, §§ 16 and 18, required to be given to the town council or city council of a town or city by a person claiming to have received bodily injury by reason of a defect in a public highway, was in the following form: "Respectfully represents the undersigned that on the 2nd day of February, A. D. 1898, while walking on the southerly side of Church street in said city she fell and broke her right arm; that the cause of said fall was the defective condition of said sidewalk, which said sidewalk is a part of a public highway in said Woonsocket; wherefore the undersigned presents a claim against said city of Woonsocket in the sum of three thousand dollars for injuries sustained as above stated":—

*Held,* that the notice was defective, not being sufficiently specific as to place and cause to meet the requirements of the statute.

*Held,* further, that such a notice should describe the particular locality, as

well as the cause of the accident, with such reasonable certainty as would inform the officers of the town or city as to the time and place of the injury, and as to the character and nature of the defect which caused it, so as to aid them in investigating the question of the liability of the town.

*Burdick* v. *Richmond,* 16 R. I. 502, distinguished.

(2) *Amendment of the Notice.*

*Held,* further, that as the giving of the notice provided for is a condition precedent to the beginning of the action, the fact that within sixty days from the accident the officers of the city were particularly notified by the counsel for the plaintiff, who appeared before the committee on claims of the city, of the place and cause of the accident, did not cure the defect.

Trespass on the Case for negligence. The facts are stated in the opinion. Heard on petition of plaintiff for a new trial. New trial denied.

Tillinghast, J. The only question presented for decision in this case is as to the sufficiency of the notice which the plaintiff gave to the city council of Woonsocket prior to the commencement of her action. Said notice was as follows:

" *To the Honorable, the City Council of the City of Woonsocket:*

Respectfully represents the undersigned that on the 2nd day of February, A. D. 1898, while walking on the southerly side of Church street in said city she fell and broke her right arm; That the cause of said fall was the defective condition of said sidewalk, which said sidewalk is a part of a public highway in said Woonsocket; Wherefore the undersigned presents a claim against said city of Woonsocket in the sum of three thousand dollars for injuries sustained as above stated.

Mary Maloney<br>
By her Attorneys,

March 4, 1898.　　　　　　　　　　McFee & Greene."

Gen. Laws R. I. cap. 36, which gives an action against towns for injuries sustained by reason of defective highways, provides, in section 16, as a condition precedent to the bringing of such action, that notice shall be given as follows: " A

person so injured or damaged shall, within sixty days there-
after, give to the town by law obliged to keep such highway,
causeway, or bridge in repair, notice of the time, place, and
cause of such injury or damage."

Section 18 requires said notice to be in writing and signed
by the person injured or damaged or by some one in his
behalf, and to be presented to the town council of the town
or to the city council of the city.    *Seamons* v. *Fitts*, 21 R. I.
236.

In *Burdick* v. *Richmond*, 16 R. I. 502, this court passed
upon the sufficiency of a notice required by Pub. Stat. R. I.
cap. 34, § 12—in so far as said notice related to the amount
of the plaintiff's claim for damages—and held it to be suffi-
cient.   In speaking of that statute, the court said : "The
manifest purpose of the statute is to enable the town council
to investigate the claim, and to afford them an opportunity
to settle it without subjecting the town to the expense of a
suit.   If, therefore, the facts upon which the claim arises
are set forth in the notice with sufficient fullness and particu-
larity to enable the town council to make such investigation,
the purpose of the statute is answered.   The town council,
being possessed of a knowledge of the facts, can form a judg-
ment as to the amount of the damages as well as the claim-
ant, and can then either pay or tender to him that amount
within forty days after the presentment of the claim speci-
fied in the statute before suit can be brought.

The statute now before us for construction was enacted
since said decision was rendered, and clearly requires greater
particularity of statement in the notice than was required
by the statute then under consideration.   That statute was
general, relating to claims or demands against towns for
"any matter, cause or thing whatsoever," while the one now
before us is limited to claims for injuries or damages received
by reason of defective highways, and prescribes specifically
what the notice shall contain.   In the first place it requires
that the time of receiving the injury or damage shall be
given; secondly, the place thereof; and thirdly, the cause.
This particular information was evidently thought necessary

by the General Assembly in passing the statute, in order to enable the town or city council to make an independent investigation of the claim and determine whether any cause of action existed. And, as said by the court in *Noonan* v *Lawrence*, 130 Mass. 161, "The notice must, to be sufficient, be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of their liability."

(1)    Is the notice in question a substantial compliance with the statute above quoted ? We think that in two important particulars, namely, as to place and cause, it is not. It states that, "while walking on the southerly side of Church street in said city she fell," etc. The evidence shows that Church street is upwards of a quarter of a mile in length, and that the houses on the southerly side thereof are built close together and are numbered from 1 to 114. Such a vague and general description of the place where the accident happened failed to give the city council such information as would enable them to make an independent and intelligent investigation of the locality, and was clearly not so specific as the statute requires. And, moreover, the proof shows that the place where the accident happened could easily have been described with almost exact definiteness. See *Cronin* v. *Boston*, 135 Mass. on p. 112. Our statute aforesaid, prescribing what the notice shall contain, is almost identical with the Massachusetts statute of 1877, cap. 234, § 3, under which it has repeatedly been held that a notice, in order to be of any validity, must describe the particular locality, as well as the cause of the accident, with reasonable certainty. *Post* v. *Foxborough*, 131 Mass. 202 ; *Noonan* v. *Lawrence*, *supra*, 161 ; *Shallow* v. *Salem*, 136 Mass. 136. To the same effect are the cases in Maine and Vermont. See *Rogers* v. *Shirley*, 74 Me. 144 ; *Law* v. *Fairfield*, 46 Vt. 425 ; *Butls* v. *Stowe*, 53 Vt. 600. See also *Carr* v. *Ashland*, 62 N. H. 665, and *Currier* v. *Concord*, 44 At. Rep. 386. Nothing which is contained in the notice before us would enable the city council to determine the locality of the accident with any reasonable degree of certainty, and hence it was insufficient in this particular.

The notice was also clearly insufficient as to cause. It simply states, "that the cause of said fall was the defective condition of said sidewalk." This is even more general than the statement as to place, for it gives absolutely no information as to the nature of the defect. The defective condition of said sidewalk might refer to any one of the numerous historic defects to be found in the reports. As said by the court in *Noonan* v. *Lawrence, supra,* in speaking of a similar notice, "It is equally consistent with an excavation in the way, an obstruction upon the way, an original malconstruction of the way, a worn, uneven, and irregular condition of the surface of the earth, an accumulation of snow or ice, or both, or any of the many varieties of defects which may exist in a way." Such a notice could be of no assistance in enabling the city council of the defendant city to investigate the cause of the alleged injury.

To say that an accident was caused by the defective condition of a given highway, or of a sidewalk thereon, is not notice of the cause of the injury. It is simply stating the general and statutory ground upon which a city or town in every case is liable for injuries sustained upon a highway; but it states no cause for the particular injury complained of. In *Dalton* v. *Salem,* 131 Mass. 551, a notice in the words "the cause was a defective construction or condition of the street, sidewalk, and edgestones at the place named," was held not sufficient notice of a defect which consisted of a small crevice between two curbstones. "The object of the statute," said the court, in *Bailey* v. *Everett,* 132 Mass. 441, "in requiring notice to be given of the cause of the injury, is to direct the attention of the town officers to the particular thing or condition which caused the injury, so that they can see whether it is a defect or not."

We do not wish to be understood, by what we have said, as holding that a notice given under the statute ought to be construed with technical strictness; but that it is sufficient if it gives to the officers of the town or city "information with substantial certainty as to the time and place of the injury, and as to the character and nature of the defect which caused

it, so as to aid them in investigating the question of liability of the town." *Spelman* v. *Chicopee*, 131 Mass. 443. See also *Lilly* v. *Woodstock*, 59 Conn. 219, at p. 221 ; *Steadman* v. *City of Rome*, 34 N. Y. Supp. 737 ; *Werner* v. *Rochester*, 77 Hun. 33.

(2)    But plaintiff's counsel argues that, as the testimony produced at the trial of the case shows that there was no other defect along the entire street but the defect at the place where the accident happened, and that before the expiration of sixty days from the time of the injury plaintiff's counsel appeared before the committee on claims and stated to them particularly the place where the accident happened and the exact cause of the accident, the city council was fully informed in the premises and was not misled. If the defect in the notice required by the statute could be cured in this way, we agree that, under the evidence, it would now be sufficient. But as the giving of the notice provided for is a condition precedent to the beginning of the action, for the court to say that it can be amended in this way would be to render the statute of no avail. We feel compelled to hold, therefore, that the notice was insufficient, and that the nonsuit was rightly granted.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant.

*Dennis J. Holland and McFee & Greene*, for plaintiff.
*Erwin J. France*, for defendant.