## WILLIAM NOURSE *v.* TOWN OF VICTORY.

### *Sufficiency of Notice of Injury on a Highway.*

In case for injury on a highway to plaintiff's person and wagon, the notice was, " You are hereby notified that . . . my buggy was damaged by running against a log in the highway . . . I shall claim damage for the said injury. Three reaches and rocker and iron were broken, three gripes broken, wheels injured, and other damage to wagon done; also, an injury was done to my knee." *Held*, that the notice, making, as it did, no reference to any *claim* for personal injury, and containing an insufficient statement of the nature and extent of such injury, was insufficient in respect thereto.

CASE for injury upon a highway. The case was referred, and the referee found and reported that on the evening of December 5, 1876, while travelling over a highway that the defendant was bound to keep in repair—a highway in the defendant town, leading across what was known as " The Bog "—the plaintiff drove against a log by which the highway was obstructed, and thereby broke his wagon and was thrown out and injured in and about his right knee ; and that the plaintiff should recover the sum of $75 in full for injuries to his person and wagon, if, in the opinion of the court on the facts found, he should recover anything. The notice of injury, which was received by the referee subject to objection, was as follows :

ST. JOHNSBURY, Vt., Dec. 11, 1876.

*To the Selectmen of Victory, Essex County :*

You are hereby notified that on the 5th day of December, 1876, in the evening, my buggy was damaged by running against a log in the highway a few rods below the house of John Brakewood, on The Bog, and near a large pile of cedar posts, in your town. The accident was solely caused by the insufficiency of the said highway. I shall claim damages for the said injury. Three reaches, and rocker, and iron were broken, three gripes broken, wheels injured, and other damage to wagon done ; also, an injury was done to my knee. WM. NOURSE.

The case was heard on the report at the June Term, 1878, Caledonia County, Ross, J., presiding. The defendant contended that the notice was insufficient, but the court ruled otherwise, and rendered judgment on the report for the plaintiff for the sum found ; to which the defendant excepted.

*Dickey, Blodgett & Dickey,* for the defendant.

The notice was insufficient. It was not sufficiently particular as to the want of repair, nor as to the extent and effect of the bodily injuries. *Streater* v. *Guilford,* Supreme Court, Windham County, February Term, 1878.

*Elisha May,* for the plaintiff.

The notice was sufficient. It stated the respect in which the road was out of repair by stating that there was a log in it. *Law* v. *Fairfield,* 46 Vt. 425, 433 ; *Ranney* v. *Sheffield,* 49 Vt. 191 ;

*Reed* v. *Calais*, 48 Vt. 7 ; *Bean* v. *Concord*, 48 Vt. 30. It stated also the part of the body injured, and the extent and effect of the injury as fully as could have been expected. *Church* v. *Westminster*, 45 Vt. 380.

The award, if good for anything, is good for the whole sum. Sedgw. Dam. 687 ; *Cook* v. *Carpenter*, 34 Vt. 121. But the defendant cannot now raise any question as to the findings on the question of damages. It should have excepted to the report, or asked for specific findings. *Congdon* v. *Darcy*, 46 Vt. 478.

The opinion of the court was delivered by

REDFIELD, J. The referee has reported that the defendant is liable, and has assessed $75 as damages, and those damages are awarded for both injuries to the person and the wagon.

The only question reserved in the exceptions is, the sufficiency of notice to the defendant town. The statute requires that the notice " shall contain a description of the injury received or damage sustained ; and if bodily injuries be claimed, the part of the body injured shall be given, together with the extent and effect of the injury upon the health of the person so injured."

In the case of *Streeter* v. *Guilford*, decided at the last term of the Supreme Court in Windham County, it was held that a notice of personal injury in these words, viz., " I was thrown from my wagon, and my arm and body greatly injured," was not a sufficient compliance with the statute. The notice in this case recites (after stating the time and place), that " my buggy was injured by running against a log in the highway. . . The accident was solely caused by the insufficiency of the said highway. I shall claim damages for the *said* injury. Three reaches and rocker and iron were broken, three gripes broken, wheels injured, and other damage to wagon done." Thus far no suggestion is made of personal injury, and the claim for damages is specifically confined to injuries to the wagon. But there is added at the bottom of the notice these words : " also an injury was done to my knee." This seems to have been added as an incident, by way of illustration. The claim for damages for injury to the person is not only not suggested, but is even carefully excluded.

The notice does not intimate the nature or extent of the injury to the knee—whether scratched or broken, slight or severe. It is true that a person in plaintiff's situation is not expected to give a careful *diagnosis* of a bodily hurt, but he can describe it and give it a *character* as he understands it. This is not a matter of misdescription, but an entire omission to do what the statute requires. The plaintiff gave sufficient notice of his claim for damages for the injury to the *wagon*, but none for injuries to his *person*. As the report does not state separately the damage to the *wagon*, the judgment is reversed, and cause remanded.