WILLIAM I. PERRY *v.* TOWN OF PUTNEY.

*Sufficiency of Notice of Injury upon a Highway.*

Notice of injury received on a highway stated that four of plaintiff's ribs on his right side were fractured, that his right hip was badly bruised, that he was "badly injured about the back and kidneys", and that his "whole body was shaken, bruised, and injured" and his "health greatly impaired." *Held*, sufficient to admit proof of the breaking of the ribs and bruising of the hip, but not to admit proof that after the expiration of about six months from the time the injury was received, during which plaintiff was feeble, but able to walk about, an enlargement attributable to the "shock to his nervous system" appeared on his abdomen, and that he afterwards suffered from "general nervous prostration."

CASE for injuries received upon a highway. Trial by jury, September Term, 1879, Ross, J., presiding.

The plaintiff offered in evidence the notice that was given to the defendant's selectmen, which, so far as it gave a description of the injury and its effects, was as follows:

Four of my ribs upon my right side were fractured, my right hip was badly bruised, and I was also badly injured about the back and kidneys,

and my whole body was shaken, bruised, and injured, and my health greatly impaired.

The defendant objected to its admission for that it contained no such statement as the statute required, but the court admitted it; to which the defendant excepted.

The evidence introduced on the part of the plaintiff tended to show that on December 15, 1877, the plaintiff while driving along the highway was by reason of the insufficiency thereof thrown from the top of a load of hay, on which he was riding, down an embankment; that four of his ribs were thereby broken, that his right hip was bruised, and also that part of his back that is just below the region of the left kidney, and that his whole system was greatly prostrated; that he was confined to his bed four or five weeks, when he became able to walk a little with difficulty, and to his house until the next spring, when, though feeble and suffering from the injuries to his back and hip and from general nervous prostration, he was able to walk about his premises; that in July he became worse and was confined to his bed three or four weeks, when an enlargement appeared on the right side of his abdomen, caused, according to the testimony of medical witnesses, by an infiltration of water in the cellular tissue, due to a debilitated condition of the nerves, fairly attributable to the shock given to the nervous system by the accident complained of; that he at the same time saw sparks by night and motes by day, which, in the opinion of the same witnesses, indicated a derangement of the nervous system — "an injury to the nerves of the spine"; that he so far recovered as to be able to be around on his farm, but that the enlargement remained on his abdomen, and that he was able to do very little work, and suffered from general nervous prostration, and at times from considerable pain in his back and hip. The defendant seasonably objected and excepted to the admission of all evidence relative to said enlargement and the injury to the plaintiff's nervous system, for that no claim with reference thereto was made in the notice.

The defendant requested the court to charge that under the notice the plaintiff could not recover for any bodily injuries, that in any event his right to recover was limited to the injury result-

ing from the broken ribs and the bruise on the right hip, and that the general statements in the notice that he was injured " about the back and kidneys", and that his " whole body was shaken, bruised, and injured," and his " health greatly impaired," gave him no right to recover for injuries not specifically located and designated. The court refused so to charge, but charged that the notice was sufficient to enable the plaintiff to recover for all bodily injuries that were the natural and necessary consequences of the accident. The court however instructed the jury to find specially, if they found for the plaintiff, how much damage the plaintiff suffered in consequence of the broken ribs and the bruise on the hip, how much by reason of the injury to the back and kidneys, and how much by reason of being shaken and injured generally, that is, by reason of the shock to his nervous system. To the refusal to charge as requested, and to the charge given, the defendant excepted. The jury found for the plaintiff to recover $1,108.33, and that the damage in consequence of the injury to the ribs and hip were $870, and, in consequence of " nervous shock," $238.33.

*Davenport & Eddy*, for the defendant.

The notice was not sufficiently specific. *Nourse* v. *Victory*, 51 Vt. 275. The construction put upon the act is shown by *Law* v. *Fairfield*, 46 Vt. 425 ; *Babcock* v. *Guilford*, 47 Vt. 519 ; *Reed* v. *Calais*, 48 Vt. 7 ; *Purrington* v. *Warren*, 49 Vt. 19 ; *Ranney* v. *Sheffield*, 49 Vt. 191 ; *Holcomb* v. *Danby*, 51 Vt. 428.

*J. M. Tyler* and *Q. B. & C. F. Eddy*, for the plaintiff.

The notice meets all the requirements of the statute. The statute does not require the injured person to do more than describe and locate his injuries in his own language, and state, as best he can, their extent and effect upon his health. It should have a reasonable construction, not such a construction as to require the injured person to conjecture as to what the effect on his health may be, what consequences may develop after the expiration, of the time in which he must give his notice. The enlargement on the abdomen, which developed about seven months after the time for giving the notice elapsed, was caused by a debilitated

condition of the nerves attributable to the shock to the nervous system. The notice sufficiently alleges the shock to, and impairment of, the nervous system, by use of the words, " my whole body was shaken, bruised, and injured," and my " health greatly impaired." The enlargement on the abdomen was one of the manifestations of the impairment of the nervous system—one of the symptoms indicating that the plaintiff's " whole body was shaken, bruised, and injured."

The opinion of the court was delivered by

REDFIELD, J. It is claimed by the defendant that the notice of personal injury is not in compliance with the statute. The notice is in these words, viz. : " Four of my ribs upon my right side were fractured, my right hip was badly bruised, and I was also badly injured about my back and kidneys, and my whole body was shaken, bruised, and injured, and my health greatly impaired." The statute requires that the notice shall " contain a description of the injury received or damage sustained ; and, if bodily injuries be claimed, the part of the body injured shall be given, together with the extent and effect of the injury upon the health of the person so injured." The notice of the fractured ribs and bruised hip we think sufficiently explicit to comply fairly with the requirement of the statute. When a bone in the body is broken, the party, from the nature of the case, can do no more than give the fracture a place. The natural effect of a simple fracture is a matter of universal experience. If injuries beyond the natural consequence are claimed, as if the fragments of the broken ribs had wounded the lungs or other internal organs of the body, the statute doubtless requires such to be specified. The latter part of the notice wherein is stated " that his whole body was shaken, bruised, and injured, and health greatly impaired," is much less specific. This court held in Streeter v. Guilford, in this county, that notice of bodily injury in these words, " I was thrown from my wagon and my arm and body greatly injured," was insufficient. The statute requires that, if the plaintiff was " shaken, bruised, and injured, he should state where—in what part of his body—he was bruised, and injured, and the " effect "

of such bruises and injuries. The statute was not designed to render difficult the statement of injuries, so much as to define and locate fictitious claims that are wont to vary as subsequent emergencies may require. Nor is the party required or expected to exercise professional skill in the statement of his injuries. He is not required to state the exact place where a bone is broken; whether the fracture be transverse or oblique, compound or comminuted; nor always the very organ of internal injury. The most expert professional skill is often unable to locate internal injuries. He must judge, in the main, from the sensations and external symptoms of the patient. The party is not barred of his claim because a specific description of his injuries is impossible. He must state the " effect" of latent injury, as an honest but plain man can state it; he can state pain and soreness in the stomach, bowels, and lungs, inability to use his muscles, or move his limbs, labored respiration, pain in the head and spine, nervous prostration and general debility. These effects are such as he can feel and state. As we have said in another case, *Nourse* v. *Victory*, 51 Vt. 275, " he is not expected to give a careful diagnosis of a bodily hurt, but he can describe it, and give it a character, as he understands it." In case of internal injury, the party will be required to give the location so far as he, from the nature of the case, can know, from pain, sensation, and feeling; and the " effect" of such injuries, by his consciousness of the condition of the parts affected; and his general condition as to prostration, and health. Having done this, if ultimate serious results become manifest, traceable to such injury, that are developed by latent causes and hidden processes, which are both invisible and intangible, the party shall not be barred from the recovery of all he has suffered as the consequence of his injuries. But in this case, the plaintiff, as to general injuries, gives notice that " his whole body was shaken, bruised, and injured." He attempts to state no " effect." He says, to be sure, that his health is greatly impaired, but whether mostly from the fracture of the ribs, or otherwise, he does not state. " The effects " of a broken bone are natural and necessary; but the " effect" of a shake or jar occasioned by a fall may be slight, or may be fatal. The statute contemplates

that the party should state in his notice the condition, disability, and parts of the body more specially affected, so far as he may be able to do, from sensation, feeling, or otherwise. He must give his condition a character so far as practically he may be able. We think the plaintiff's notice of his general injury is not sufficient.

Judgment reversed; and judgment on the verdict for the plaintiff for the lesser sum.