### ALBERT E. PRATT v. TOWN OF SHERBURNE.

*Injury on Highway. Notice, Sufficiency of.*

Where the notice contained the following description of the place of the accident, the injuries to property, and to the person of the defendant : " a short distance south of the burying ground gate, north from Warner Bates's dwelling-house in said town. The road at the place where said accident happened was narrow, and the bank of the west side was about three feet high, and,—or about—three feet from the travel of the road. At the foot of the bank lay a large log, and there was no railing at the place . . . . breaking my wagon and injuring my horse, and hurting myself severely. My back is badly injured, also my head, and other parts of my body so that I am unable to sit up but very little at this time." *Held,*

1. That the notice, as to the place of accident, is *prima facie* sufficient, following the rule prescribed in *Law* v. *Fairfield*, 46 Vt. 425, and in *Reed* v. *Calais*, 48 Vt. 7.
2. That it is sufficient as to the injuries to the property.
3. That it is inffisucient as to bodily injuries, following *Perry* v. *Putney*, 52 Vt. 533, and *Nourse* v. *Victory*, 51 Vt. 275.
4. A party does not waive his right to object to the notice by delaying until the arguments begin.

THIS case was tried at the May Term, 1879, BARRETT, J., presiding. It was an action on the case to recover damages sustained by the plaintiff on account of the insufficiency of a highway in said town of Sherburne while travelling there, on the 28th day of July, A. D. 1877.

It was conceded the town of Sherburne was bound to maintain and keep in repair said highway. The plaintiff gave evidence to show, and the same was not controverted, that within twenty days from the happening of said accident, he caused notice to be delivered to the selectmen of said town of said injury, of which the following is a copy :

To the Selectmen of Sherburne, Vt. Sirs: I hereby notify you that I shall claim damages of said town of Sherburne, in consequence of an accident which happened or occurred to me on the 28th day of July, 1877, on account of the insufficiency of the highway, a short distance south of the burying ground gate north from Warner Bates's dwelling-house, in said Town.

The road at the place where said accident happened was narrow, and the bank of the road on the west side was about 3 feet high, and or about 3 feet from the travel of the road. At the foot of the bank lay a large log, and there was no railing at the place. At the above described place my horse became frightened and went down the bank and over the log, breaking my wagon and injuring my horse, and hurting myself seriously. My back is badly injured, also my head and other parts of my body, so that I am unable to sit up but very little at this time.

(Signed)

No question was made as to said notice at the time the same was offered and received in evidence. The plaintiff put in his evidence tending to show the insufficiency of said highway, and how said accident happened, and that the town was liable therefor, and rested his case.

Previous to the commencement of the trial, at the defendant's request, and by order of court, the jury were taken to the place of the accident by the defendant, and a view had by them of whatever either party desired, relative to the accident. After the plaintiff had rested his case, as above stated, the defendant put in its whole testimony tending to show how said accident happened, and that the town was not liable therefor, and rested its case. The plaintiff then put in rebutting testimony, and the case was closed, so far as the testimony was concerned. No question was made during the trial, nor was there any dispute as to the place of the accident. The plaintiff's counsel made the opening argument to the jury. The defendant's counsel then for the first time raised the question, that the notice was insufficient, in the de-

scription of the place of the accident, and the injuries received by the plaintiff. The court held the same insufficient in the descrip-tion of the place of the accident, (and made no ruling further as to notice,) and ordered the jury to return a verdict for the de-fendant on that ground ; to which ruling and order the plaintiff excepted. There was testimony tending to show that there were other logs on the west side of the highway, north of the place of the accident, but no testimony to show how far they were from the highway, or how steep the bank was where they were situa-ted. There was no evidence where the burying ground gate was, or how far the place of the accident was from said gate. There was evidence that the place of the accident was north of Warner Bates's house, and where said house was, but the distance was not given. Persons called by the defendant as witnesses testified as to the measurements, made by them the Wednesday following the accident, (which was on Saturday,) of the road and log at said place. Exceptions allowed, execution stayed, and cause passed to the Supreme Court.

*William E. Johnson*, for the plaintiff, cited *Nourse* v. *Victory*, 51 Vt. 275, *Holcomb and Wife* v. *Danby*, Ib. 428, and *Ranney* v. *Sheffield*, 49 Vt. 191, on the question of the sufficiency of the notice. Objection to notice came too late.

*Walker & Goddard*, for defendant.
Notice does not sufficiently describe the place of accident. *Reed* v. *Calais*, 48 Vt. 7 ; *Bean* v. *Concord*, Ib. 30 ; *Purrington* v. *Warren*, 49 Vt. 19 ; *Holcomb* v. *Danby*, 51 Vt. 428. It does not point out the place plainly and directly as was reasonably practicable. 47 Vt. 519 ; 46 Vt. 425 ; Ib. 767. The notice does not indicate the extent and effect of the injury, as required by the statute. *Nourse* v. *Victory*, 51 Vt. 275 ; *Streeter* v. *Guil-ford*, Windham Co., February Term, 1878.

The opinion of the court was delivered by
ROYCE, J. The place where the accident happened, or occur-red, to the plaintiff, is described in the notice given to the select-

men of the defendant town, as being a " short distance south of the burying ground gate, north from Warner Bates's dwelling-house in said town "; that the road at that place was narrow, and the bank of the road on the west side was about three feet high, and that, about three feet from the travel of the road at the foot of the bank lay a large log; and that there was no railing at the place. Before the commencement of the trial, at the defendant's request, by order of court, the jury, that had been empanelled, were taken to the place of the accident, and a view was had by them of whatever either party desired relative to the accident.

No question was made as to said notice at the time it was offered and received in evidence; and there was no question or dispute during the trial as to the place of the accident. No claim appears to have been made that it was insufficient until the tesmony had all been put in, and the counsel for plaintiff had made the opening argument. Defendant's counsel then claimed that it did not sufficiently describe the place, where the accident happened; and the court so ruled, and directed a verdict for the defendant. The acts of 1870 and 1874, require that the notice to be given to the selectmen shall state the time when, and the place where, the injury was received. A construction was given to the act of 1870, in its requirement of the description of the place where the injury was received, in *Law* v. *Fairfield*, 46 Vt. 425; and it was there held that the purpose of the statute was, that such a notice should be given " as would fairly, under all the circumstances of the particular case, reasonably, inform the town of the locality, in which the insufficient highway causing the injury, existed."

In *Reed* v. *Calais*, 48 Vt. 7, it is said " that the notice should point as directly and plainly to the place as reasonably practicable, having regard to its character and surroundings." It is obvious that no more definite rule can be prescribed. The sufficiency of the notice in that particular must depend largely upon the circumstances of the case.

The description of the place in this case was *prima facie* sufficient; and in the absence of proof that it could reasonably have

been made more certain and definite, it was error to rule that it was insufficient. The fact there were other logs on the west side of the highway north of the place of the accident, without evidence of their location, does not appear to have been misleading, or that the notice would have been any more certain and definite if they had been referred to. The only fact that would render the sufficiency of the notice doubtful, is the want of evidence of the direction and distances from the objects named in it to the place of the accident. But when the jury had viewed the premises, and no question had been made as to the place of the accident, the plaintiff might well understand that he was relieved from the necessity of proving those facts.

It was also claimed that the notice was insufficient in its description of the injuries received. The court did not make any ruling upon that question, but inasmuch as the case will have to be remanded for a new trial, and it has been fully argued, it is for the interest of the parties that it should be decided now. The act of 1874 requires that where damages are claimed the notice shall contain a description of the injury received or damage sustained ; and if bodily injuries be claimed, the part of the body injured shall be given, together with the extent and effect of the injury upon the health of the person so injured. It will be seen that a distinction is made between the description required to be given of injury to the property and injury to the person. There is not the same particularity required in the description of injuries to property that there is in injuries to the person. The description given of the injury to the plaintiff's property is, that his wagon was broken, and his horse was injured. The notice in this particular was not as specific and definite as they were in *Nourse* v. *Victory*, 51 Vt. 275, and *Boyd* v. *Readsboro*, and *Perry* v. *Putney*, in the 52 of Vt. 533, which were held good. We think this was sufficient. The object of the requirement was, to give the town such notice of the injury that they in the exercise of reasonable diligence could ascertain its character and extent ; and this notice was ample for that purpose. Where damages are claimed on account of bodily injuries, as we have seen, more particularity in description is required. The question as to what

constitutes a sufficient description of such injuries was before this court in the three cases last referred to. In *Perry* v. *Putney* the notice stated, among other things, that the plaintiff was " badly injured about the back and kidneys," and that his " whole body was shaken, bruised and injured," " and his health greatly impaired." But he was not allowed to recover for any of the injuries described in that portion of the notice.

Upon the authority of those cases, it is clear that no recovery can be had on account of the personal injuries described in the notice given to the defendant town. The judgment is reversed, and the cause remanded.