ROBIN *v.* BARTLETT.

Whether the place where damage was received on a highway is sufficiently described in a statement filed in compliance with the statute, is ordinarily a question for the court; whether the damage was received at the place described, is for the jury.

The requirement of the statute, as to description of the injury, is answered by such a reasonably complete and comprehensive account of its nature and extent as a person of ordinary intelligence is capable of giving, and naturally would give, to his neighbor whom he desired fully to inform in what part of his person and how badly he was hurt.

Whether the injury is sufficiently described in the statement is a question for the court, to be determined as a question of fact, and will not ordinarily be considered at the law term.

CASE, for injuries upon a highway. The defect complained of was a snow-drift. The plaintiff's filed statement, verified by her oath, was as follows : "To the town of Bartlett, I Chestina A Robin hereby give notice to the town of Bartlett that on the 15th day of April 1886, while travelling with a horse and wagon upon the highway leading from Bartlett to Conway in said town of Bartlett, at a point about twenty rods south-easterly from the place now occupied by William Philbrook and near where the road turns to pass over Thorne Hill, by reason of a defect insufficiency and want of repair which rendered said highway unsuitable for travel thereon, I was thrown across the wagon and was injured in the small of the back and upon the side and hip, and received internal and other injuries which I cannot now particularly describe; and for said injuries resulting from said defect in said highway I claim from the town of Bartlett the sum of two thousand dollars."

The plaintiff's evidence tended to show that the place of the accident was thirty-one rods from Philbrook's house and seventeen rods from the Thorne Hill road junction. The defendants' evidence tended to show that the place of the accident was fifty-five or sixty rods from Philbrook's house. The defendants moved for a verdict, because the statement did not point out the exact place of the accident. The motion was denied, and the defendants excepted. The court submitted the question of the sufficiency of the statement to the jury, with the following instructions, viz.,—"The place of the accident should be described in the notice with such exactness that it may be ascertained, located, or identified by the town authorities without further information. It was not intended that the selectmen should be compelled to resort to the injured traveller, or to any other person, for information. The description should be given with such exactness that the town authorities, going upon the ground with the notice, may be able to find it without its being pointed out. If you find the place of the accident given in the notice is substantially correct, the notice is sufficient. Or, if you find the notice contains enough to enable the selectmen, by using reasonable diligence, to ascertain the place of the accident, the place is described with sufficient exactness; otherwise, not."

On the morning after the accident the plaintiff discovered a rectocele which has existed ever since, and which with other womb difficulties has rendered her unable to perform any labor except such light work as can be done while seated. Before she made the foregoing statement she was examined by physicians, who informed her of the rectocele. Upon the question of damages, the court instructed the jury that " The plaintiff can recover damages for all the injuries sustained by reason of the accident [including the rectocele and other womb difficulties, if caused by the accident, and she is not limited by the sum named in the notice]." The plaintiff excepted to the instruction that the notice must be suffi-

cient to enable the town authorities to ascertain the place of the accident without further information. The defendants excepted to the instructions in relation to notice, and to the part of the instructions in regard to damages included in brackets. The jury did not agree, and the questions raised by the exceptions are reserved.

*E. A. & C. B. Hibbard* and *F. B. Osgood*, for the plaintiff.

*G. W. M. Pitman, J. A. Edgerly*, and *Ray & Remick*, for the defendants.

CARPENTER, J. "Every person sustaining damage to his person, team, or carriage, while travelling upon any highway or bridge thereon, by reason of any obstruction, defect, insufficiency, or want of repair, rendering it unsuitable for travel thereon, shall, within ten days from the date of receiving such damage, file with the selectmen of the town and the clerk of the town or city which by law may be liable for the same, a written statement, under oath, of the exact place where and the time when such damage was received, a full description of such injuries, the extent of the same, and the amount of damages claimed therefor." Gen. Laws, c. 75, s. 7; Laws of 1885, c. 65.

In the determination of the sufficiency of a statement filed under the statute, two questions arise. (1) Does the statement describe the exact place, within the meaning of the statute, where it is claimed that the damage was received?—and if it does (2), Was the damage in fact received at that place? The second question is always for the jury; the first, ordinarily to be determined by the court, may, in its discretion, also be referred to them. The submission of the question of the sufficiency of the statement to the jury was not error in law. The instructions, taken together and with the omission of the words "or to any other person" as being liable to misconstruction, were correct. A statement is not necessarily defective for the reason that monuments mentioned in it are unknown to the town officers and cannot be identified by them without information from others. *Carr v. Ashland*, 62 N. H.

It may be that one purpose of the requirement of "a full description of such injuries and the extent of the same" is to enable the officers of the town to judge of the reasonableness of the amount of damages claimed; and that another is, to prevent, as far as possible, an after-claim of damages for injuries which are either fictitious or not caused by the accident. The statute was not intended to require the impossible. A personal injury need not be described with scientific precision. Selectmen are not ordinarily skilled in surgery. A description of an injury, in the accurate language of that science, might convey to them little or no information. The full description required by the statute of a personal

injury is such a reasonably complete and comprehensive account of its nature and extent as a person of common intelligence is capable of giving and naturally would give to his neighbor, whom he desired fully to inform in what part of his person and how badly he was hurt. The statute does not expressly require the effect of the injury to be stated—differing in this particular from the similar statute of Vermont. *Nourse* v. *Victory,* 51 Vt. 275; *Perry* v. *Putney,* 52 Vt. 533; *Reynolds* v. *Burlington,* 52 Vt. 300; *Pratt* v. *Sherburne,* 53 Vt. 370; *Bartlett* v. *Cabot,* 54 Vt. 242. Consequences or results of the injury need be stated so far only as may be necessary to describe its extent. The statement must be filed within ten days after the damage is received, may be filed the same day, and is sufficient if it describes the injury as it then exists. Although apparently slight, it may prove to be serious. A supposed trifling bruise may result in paralysis, or render necessary the amputation of a limb. The plaintiff may recover damages not only for the injury described, but also for all the directly resultant injurious consequences, though they may not appear until long afterwards. *Perry* v. *Putney, supra,* 533, 537, 538. He can bring but one suit, and hence may recover not only for what he has suffered, but also for all that he will suffer in the future as a direct result of the injury. *Holyoke* v. *Railway,* 48 N. H. 541.

Whether an injury is sufficiently described in the statement to warrant the introduction and submission to the jury of evidence in regard to it, is a question for the court, to be determined as a question of fact. Its finding will not be revised at the law term if there was evidence upon which it could properly be made. *Cummings* v. *Centre Harbor,* 57 N. H. 17.

The instruction to the jury that the plaintiff was entitled to recover damages for the rectocele presupposes a finding by the court that the description of her injuries was sufficient to justify the introduction and submission to the jury of evidence of that bodily ailment as a ground of damages. Inasmuch as there is to be another trial and other evidence may be offered, it is not deemed advisable to consider whether upon the facts stated the finding can be supported.

The question whether the plaintiff's damages are limited to the sum claimed in the statement cannot arise unless the jury give a greater amount, and is not considered.

*Case discharged.*

SMITH, J., did not sit: the others concurred.