Bissell, P. J.,
delivered the opinion of the court.
The arguments and the record suggest hut two matters to be determined. The first relates to the contents of the notice which was served on the mayor, and the second springs from the contention that there is no necessity for a notice at all, because of the unconstitutionality of the legislation which provides for it. Disposing of these matters in their inverse order, we will first consider the alleged unconstitutionality of the act of the legislature. Our discussion will consist of nothing but the simple suggestion of the matters on which we rest our opinion. If the question be in any wise involved in the litigation, the appellee can procure a review of our judgment by taking her case to the supreme court, which is the final arbiter of all constitutional questions. There would seem to be no room for discussion. Section 5 of article 25 of our constitution, which is said to be infringed by that provision of the charter of Denver regarding notices, has been 'frequently construed by the supreme court, and every question and argument suggested by counsel seems to be wholly disposed of by those decisions. It is a fact familiar to all lawyers in the state that the original charter which incorporated the inhabitants of Denver was passed by the territorial legislature of 1861. The present charter is but the crystalized form which it has assumed under the various enactments of subsequent legislatures. The first charter in terms provided that the inhabitants should be an incorporation which might sue and be sued and plead and be impleaded in all courts of law and equity. That original provision remained in all the charters down to the last, and is in substance found therein. The appellee insists, under the authority of the City of Denver v, Dunsmore, 7 Colo. 328, that the right to sue the city was a part of the common law of this jurisdiction, and was not derived from the'permissive legislation which chartered the city. This question was not set at rest by that opinion. *76 What that court decided was that by virtue of the principles of the common law, which were a part of the law of the state, a municipality would be responsible for its torts committed in the negligent performance of its duty in caring for the streets. Although the case undoubtedly held that a city would be liable for negligence in the exercise of its powers over the highways, the court did not undertake to decide, nor do we, whether legislation providing a remedy was necessary to entitle an injured party to secure redress for such injuries. It was wholly unimportant, because the very act of incorporation provided that the city might both sue and be sued. The court assumed, as we do, that the only question for consideration was whether specific legislation was necessary to make the city liable for such torts. It is conceded that the charter provision requiring notice was added to the organic law of the municipality by an amendment passed long after the grant of the original charter, which preceded the adoption of the constitution. It has been held that the constitution did not affect prior legislation, and, of course, such a decision eliminates every question except the naked one whether this particular amendment was germane to the general purposes of the enactment, and whether such an amendment could be made without infracting that particular section of the article. As we said at the outset, we are thoroughly satisfied the matter has beeu settled by the supreme court, and under its decisions such an amendment must be taken to be both legitimate and proper, and no infringement of that article. Brown v. City of Denver, 7 Colo. 305; Carpenter v. The People, 8 Colo. 116; Rogers v. The People, 9 Colo. 450; People ex rel. v. Londoner, 13 Colo. 303; In re City of Denver, 18 Colo. 288.
' The act being assumed to be constitutional, the only question left concerns the sufficiency of the notice. That the notice is an indispensable prerequisite to the maintenance of the suit was recently decided in this court at the present term in the case of The City of Denver v. Saulcey, 5 Colo. App. 420. The precise matters suggested by the present record were not *77 within'the purview of that decision. As will be remembered, the act provides that the notice which is served must state when, where, and how, the injury occurred, and' the extent of it. In passing upon the question of the sufficiency of the notice, it may he well to premise that the question of the sufficiency of the notice is one of law, and to be solely determined by the court. Chapman v. Nobleboro, 76 Me. 427; Rogers v. Shirley, 74 Me. 144.
Under this rule, we must ascertain whether the paper which was served on the mayor conformed to the requirements of the charter. The locus of the injury seems to us to be sufficiently described. There are cases, perhaps, which go to an extreme length in requiring an exact designation of the spot at which the injury was received, but we are referred to none which compel us to hold the notice deficient in this particular. Larkin v. City of Boston, 128 Mass. 521; Weber v. Town of Greenfield, 74 Wis. 234; Fopper v. Town of Wheatland, 59 Wis. 623.
'The date was accurately given, and the only possible point of attack respects the way in which the injury was received and its extent. There are a good many cases which hold the plaintiff to a very great accuracy in stating how he was hurt. McDougall v. City of Boston, 134 Mass. 149; Dickie v. Boston § Albany R. R. Co., 131 Mass. 516; Noonan v. City of Lawrence, 130 Mass. 161; White v. Stowe, 54 Vt. 510; Wieting v. Town of Millston, 77 Wis. 523.
. .We do not believe that we depart from the spirit and principle evidently underlying these decisions when we hold this notice sufficient in' that respect. The location was very definitely stated. It was given as the line of the sewer crossing Thirty-Fourth street at the alley between Franklin and Humboldt. Manifestly it would have been impossible for the city authorities to have been misled by this description. The only thing in the notice respecting the way in which the injury happened which admits of discussion is the statement “ that the earth sunk under the horse, which occasioned his fright, and the ultimate injury to Mrs. Barron.” The *78 proof-' does not exactly correspond with this statement, although it may be literally true as it was put. Still, if literally true, it was not entirely true; — in other words, it could not have been a statement of all the facts. The plaintiff’s witnesses showed that for probably twenty-four hours prior to the action there had been at that point a hole in the street, resulting from the sinking of the earth in the trench where the sewer was laid. It was dark when Mrs. Barron got there. When her horse went into the hole, it is quite probable he commenced to sink, and that she, in her fright, was left with the impression that the earth caved under him and caused the accident. Possibly there are one or two cases cited which seem to decide, if the notice alleged that the injury occurred through the sinking in the ground, when in fact it came from a hole in it, it might bar the plaintiff’s recovery. We think no case goes quite to this length. Those which more nearly approach the line are the ones in which there is no possible similitude between the actual occasion of the injury and the Occasion as it is described in the notice served. In the present case, if the earth did cave, there was a hole; and if there was a hole, and the earth did cave, the depression would still be the occasion of the injury, whether it was made when the horse struck the locality, or whether the earth had previously sunk. The authorities were therefore advised that the injury was occasioned by a hole in the street, no matter whether it had been there twenty-four hours or came at the very time that the horse struck the line of the sewer. For this reason we must hold the notice sufficient in this particular.
The remaining question is one of much greater difficulty, and on which the authorities are more entirely in accord in their requirements. All of the cases which have been called •to our attention touching this question unite in deciding that the plaintiff' must describe in the notice the extent of the injury which has been sustained. There is some little difference in the various statutes on the subject, but the variations in the phraseology do not, in our min'd, necessitate any *79 difference in the rule which must be applied.' Wherever a party has been hurt, he must, so far as may be, give an accurate description of the injury which he has sustained. Many' reasons are assigned for the rule, but in general they are that the city authorities may be advised' of the precise claim which the plaintiff makes, and that there may be thereafter no Opportunity to make another and a different case from what is insisted on when the injury is fresh and the facts easy of ascertainment. Nourse v. Victory, 51 Vt. 275; Perry v. Town of Putney, 52 Vt. 533 ; Pratt v. Town of Sherburne, 53 Vt. 370.
None of the decisions require of the plaintiff impossibilities, or the performance of difficult and unusual things. It is only insisted that with reference to plain injuries and those which the laymen can easily locate, determine, and describe, he must set them down in his notice. Internal injuries, which he can neither diagnose nor describe otherwise than by his sensations, would probably be sufficiently stated if the sensations were given. In case of a broken bone, it would be enough to state that his leg, his arm, or his limb were fractured, without stating the kind and description of the fracture he had sustained; but wherever the trouble is readily appreciable and easily described, it must be stated in the notice, or else there can be no recovery for that particular injury. The difficulty in the present case comes from one matter which was proved as an element of the injury, — the miscarriage. Aside from this we can discover no insufficiency in the notice, but we are of the opinion that this matter should not have been permitted to go to the jury. The reason of it is very plain. A married woman, who was the mother of two children, must have been well advised of the nature of her injury, and if she sustained this particular harm, the matter was well known to her long before her notice was served. It was plain to her mind and to her apprehension, and it is as easy of description as the statement that she had broken her arm or broken her leg. We therefore hold it was error for the court to admit testimony, on this subject under the *80 notice. We do not discover any other matter which requires discussion to settle the present appeal, or to advise the lower court with reference to the future trial.
For the error committed by the court in admitting the testimony referred to, the judgment will be reversed and the case remanded for a new trial.
- Reversed.