### Thomas M. Lane v. Town of Grafton

[689 A.2d 455]

No. 95-453

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 3, 1997

*Michael J. Hertz*, Brattleboro, for Plaintiff-Appellant.

*Janet Murnane* of *McNeil, Leddy & Sheahan*, Burlington, for Defendant-Appellee.

**Gibson, J.** Plaintiff Thomas Lane appeals an order of the Windham Superior Court granting summary judgment in favor of defendant Town of Grafton on his negligence claims. Lane contends that the court erred in finding that he failed to meet notice requirements under 19 V.S.A. § 988 and that his claims are therefore barred by governmental immunity. We reverse.

On April 14, 1992, as Lane was driving his truck across a bridge on the Grafton-Townshend Road in the Town of Grafton, a portion of the bridge caved in, resulting in damage to his vehicle and personal injuries. The next day, Lane went to the Grafton Town Offices and told employees and a selectman about the accident, the damage to his

truck, and his injuries. On April 23, nine days after the accident, Lane mailed a letter informing the Town:

> This is to notify you pursuant to 19 V.S.A. § 987 that Mr. Lane makes a claim against the Town of Grafton for personal injuries and property damage suffered by reason of the insufficiency or want of repair of a bridge in Grafton which caved in as he drove over it on Tuesday, April 14, 1992.

Between June 1992 and October 1994, Lane corresponded with the Town regarding the extent and treatment of his injuries; he submitted medical reports and examination records on several occasions. After two years of correspondence, the property damage claim was settled, but the personal injury claim remained unresolved.

In January 1995, Lane filed a negligence claim in Windham Superior Court to recover for his personal injuries. The Town moved for summary judgment, claiming that Lane's notice was inadequate because it failed to state how the bridge was out of repair or specify his personal injuries, as required under 19 V.S.A. §§ 987 and 988. Thus, the Town claimed protection from Lane's claim under governmental immunity based on a lack of proper statutory notice. The court granted the Town's motion in July 1995, concluding that although Lane's notice concerning the condition of the bridge was adequate, his failure to notify the town of specific injuries or the extent of his injuries was inadequate under § 988. This appeal followed.

When reviewing a motion for summary judgment, we apply the same standard as the trial court: summary judgment is appropriate when the record clearly indicates there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996); V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, we regard as true all allegations of the nonmoving party supported by admissible evidence, *Bacon*, 165 Vt. at 218, 678 A.2d at 905, and we give the nonmoving party the benefit of all reasonable doubts and inferences. *Wilcox v. Village of Manchester Zoning Bd. of Adjustment*, 159 Vt. 193, 196, 616 A.2d 1137, 1138 (1992).

The Town argues, and the trial court agreed, that Lane's notice of injury fails to meet the statutory requirements. The statute states that "notice shall contain a description of the injury received or damage sustained. If bodily injuries are claimed, the part of the body injured shall be stated, with the extent and effect of the injury upon the health of the person injured . . . ." 19 V.S.A. § 988. The Town's

argument of invalid notice is based on our historic decisions holding that general allegations of injury, without more, are insufficient under the statute. See *Perry v. Town of Putney*, 52 Vt. 533, 536-37 (1880) (notice that "whole body was shaken, bruised, and injured" found insufficient); *Nourse v. Town of Victory*, 51 Vt. 275, 277 (1878) (notice stating "also an injury was done to my knee" insufficient under statute).

But Lane contends that the court erred in finding his notice failed to meet statutory requirements, arguing that his notice was adequate because it served the underlying purposes of the statute. We agree. When interpreting a statute, the goal of this Court is to give effect to legislative intent. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). We do this by examining the purpose behind the statute. *Magoon v. Board of Civil Auth.*, 140 Vt. 612, 614, 442 A.2d 1276, 1277 (1982). We consider the broad subject matter of the law, its effects and consequences, and the reason and spirit of the law to discern legislative purpose. *State v. Papazoni*, 159 Vt. 578, 581, 622 A.2d 501, 503 (1993). To determine the sufficiency of notice, therefore, we must examine the purpose behind statutory notice requirements. *Pratt v. Town of Old Saybrook*, 621 A.2d 1322, 1325 (Conn. 1993).

Read together, 19 V.S.A. §§ 987 and 988 indicate that notice serves two purposes: (1) to alert towns of bridge conditions endangering public safety so they may be promptly repaired, and (2) to inform towns of impending claims so that there may be timely investigation thereof. Section 987 requires written notice within twenty days to a town selectman "stating the time when and the place where the injury was received, and pointing out in what respect the bridge or culvert was insufficient or out of repair." Where personal injury occurs, the claimant must state so pursuant to § 988. By requiring a description of time and place of the accident, as well as the manner in which the bridge was out of repair, notice allows a town to promptly remedy hazardous road conditions and avoid additional accidents. Notification that the person was injured informs the town of a potential claim, allowing it to investigate and gather evidence. Notice also allows a town to defend against fraudulent claims and may facilitate settlement. But a claimant may not know the full extent of his or her injuries within twenty days of the accident.

We find that Lane's notice was adequate to alert the Town that the bridge was dangerous and inform it of the pending claim, thereby allowing the Town to begin investigation. Nine days after the

accident, Lane sent a letter notifying the Town of the location of the bridge where the accident occurred and the date of the accident. The letter informed the Town that Lane had suffered personal injuries along with property damage and that he was making a claim for his damages.

■ Our prior interpretations of the statute have consistently recognized that the statute's purpose is to alert the town to threats to public safety and the existence of valid claims, not to be an obstacle for plaintiffs. See *Perry*, 52 Vt. at 537 (statute not designed to render difficult the statement of injuries, so much as to define and locate fictitious claims). Further, statutory notice requirements serve as a starting point for investigation and are not intended to provide a complete statement of a claim. *Pratt v. Town of Sherburne*, 53 Vt. 370, 374 (1881). "The object of the requirement [is] to give the town such notice of the injury that [it] in the exercise of reasonable diligence [can] ascertain its character and extent . . . ." *Id.*

■ Although we historically have required a more complete description of personal injury to maintain an action under the statute, such specificity was based on pleading practices at the time. In 1872, the year the statute was enacted, the absence of rules of discovery and the lack of access to pretrial information were compensated for by very specific pleading requirements, which served to inform opposing parties of all relevant facts underlying a claim and the issues to be raised at trial. See *Currier v. King*, 81 Vt. 285, 289, 69 A. 873, 873 (1908) (circumstances necessary to constitute cause of complaint or ground of defense must be stated in pleadings); *Zamatha v. Harak*, 58 A.2d 704, 706 (Conn. 1948) (pleadings should state actual controversial issues, questions or claims to be determined, and give notice of issues to which proof will be directed). Thus, the notice a town historically received through § 988, along with the pleading, likely contained the only information concerning the accident the town would receive prior to trial. Earlier courts, accordingly, required such notice to be highly detailed to allow the town to investigate the claim and prepare defenses.

■■ The law has changed since 1872. As a result of discovery rules that mandate disclosure and allow access to pretrial information, modern pleadings require less specificity. See *Solomon v. Atlantis Dev., Inc.*, 147 Vt. 349, 358, 516 A.2d 132, 137 (1986). Our rules require only "a short and plain statement of the claim" and a demand for judgment in the pleading. V.R.C.P. 8(a). Thus, a pleading

is sufficient as long as it gives fair notice of the claim and the grounds upon which it rests. *Solomon*, 147 Vt. at 358, 516 A.2d at 137. In view of a town's receipt of notice within twenty days of the accident that a claimant has suffered personal injuries and its ability to subsequently obtain pretrial information through discovery, notice is adequate even with a less specific statement of injury. In light of modern pleading practices, our past interpretations of § 988 requirements have become unnecessarily burdensome. To the extent this decision conflicts with our historic interpretation of 19 V.S.A. § 988, we overrule those cases as inconsistent with modern pleading practices.

Lane also asserts that the twenty-day notice deadline is directory only and that the Town eventually did receive complete information on his injuries. But the argument that the notice deadlines are directory, not mandatory, was never raised before the trial court. Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal. *Denton v. Chittenden Bank*, 163 Vt. 62, 69, 655 A.2d 703, 708 (1994). Because the argument is not properly before us, we decline to rule on it.

*Reversed and remanded.*