Stephen L. KENNEDY v.
DEPARTMENT OF PUBLIC
SAFETY

[719 A.2d 405]

No. 97-535

August 24, 1998. Plaintiff, formerly a Vermont State Police officer, appeals from an order of the Washington Superior Court granting defendant Department of Public Safety summary judgment on his Vermont Fair Employment Practices Act (VFEPA) suit. We find there are no issues of material fact and that defendant is entitled to judgment as a matter of law. We affirm.

Plaintiff was a Vermont state trooper from 1977 to October 1993. In December 1987, he was suspended for operating a cruiser while under the influence of alcohol. In 1991, he was again suspended for operating his personal vehicle while under the influence of alcohol and for fraudulently obtaining a Massachusetts license while under suspension in Vermont. Following a conviction for DUI on April 26, 1993, he was charged by the Commissioner of Public Safety with conduct unbecoming a state police officer and with lying during the investigation. Acting pursuant to 20 V.S.A. § 1922, the State Police Advisory Commission found that both charges were proven. On October 7, 1993, the commissioner fired plaintiff. Plaintiff appealed his firing to the Vermont Labor Relations Board, which found that defendant had just cause for dismissal. Plaintiff then brought this action.

Defendant moved for summary judgment on the basis of an affidavit of the commissioner, the findings and conclusions of the State Police Advisory Commission, and a copy of the applicable code of conduct. Plaintiff objected, relying primarily on his own affidavit, which stated: (1) he was an alcoholic at the time of the 1993 incident, but has now recovered; (2) he did not lie during the investigation, and to the extent he misstated facts, it was due to an alcoholic blackout; and (3) he knows of at least one other state police officer who was only suspended for DUI. The superior court granted summary judgment, and plaintiff appealed.

Plaintiff argues that genuine issues of material fact exist which prevented the superior court from granting summary judgment. On appeal of summary judgment:

> [W]e apply the same standard as the trial court: summary judgment is appropriate when the record clearly indicates there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact exists, we regard as true all allegations of the nonmoving party supported by admissible evidence, and we give the nonmoving party the benefit of all reasonable doubts and inferences.

*Lane v. Town of Grafton*, 166 Vt. 148, 150, 689 A.2d 455, 456 (1997) (citations omitted).

Plaintiff's claim is brought under VFEPA, 21 V.S.A. § 495(a)(1), which makes it unlawful for an employer to discriminate against a qualified handicapped individual. To establish a prima facie case, plaintiff must show he is a qualified handicapped individual, he was discharged from his job, and the discharge occurred under circumstances giving rise to an inference of discrimination. See *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 24, 665 A.2d 580, 586-87 (1995). Because the handicapped discrimination provisions of VFEPA are patterned on § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, we look to interpretations

of that statute in determining whether plaintiff has met the elements of his claim. See *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180, 656 A.2d 984, 988 (1995); *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 165, 624 A.2d 1122, 1130 (1992).

We accept that plaintiff is an alcoholic and that alcoholism is a disability protected by VFEPA. We join, however, the numerous federal courts of appeal that have held that under the Rehabilitation Act, adverse employment actions taken for misconduct are not discriminatory even though the employee was an alcoholic and the misconduct was related to the misuse of alcohol. See, e.g., *Williams v. Widnall*, 79 F.3d 1003, 1006-07 (10th Cir. 1996) (Air Force employee who, while intoxicated, made threats against his supervisor and co-workers); *Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir. 1996) (Navy employee who, while intoxicated, attempted to fire an assault weapon at patrons in a bar); *Maddox v. University of Tenn.*, 62 F.3d 843, 848 (6th Cir. 1995) (assistant university football coach who, while intoxicated, drove dangerously, attempted to resist arrest for DUI, and lied to arresting officer); *Despears v. Milwaukee County*, 63 F.3d 635, 637 (7th Cir. 1995) (maintenance worker, whose job responsibilities required him to have a valid operator's license, was convicted a fourth time for DUI and lost his license); *Little v. F.B.I.*, 1 F.3d 255, 259 (4th Cir. 1993) (FBI agent who drank on duty). Thus, we see no inference of discrimination in the alcohol-related misconduct charges that caused plaintiff's dismissal. In the absence of such an inference in the record, plaintiff has not made out a prima facie case sufficient to withstand a summary judgment motion.

In reaching this decision, we reject plaintiff's argument that he has raised an inference of discrimination by his statement that he never lied in the investigation and any untruthfulness was caused by an alcoholic blackout. Plaintiff had the opportunity to contest the grounds for his dismissal with the Labor Board, and the Labor Board found against him. Thus, the only conclusion supported by the record is that plaintiff lied. Moreover, the issue before us is not whether plaintiff was correctly fired, but instead whether the termination raised an inference of discrimination. Even a mistaken determination that he lied raises no such inference.

Plaintiff's only possible theory is that the misconduct termination was a pretext for discrimination. Although we do not have to reach this theory because plaintiff has failed to establish a prima facie case, see *Graff v. Eaton*, 157 Vt. 321, 324 n.3, 598 A.2d 1383, 1385 n.3 (1991) (issue of pretext arises only if plaintiff has made out prima facie case of discrimination and defendant has shown a nondiscriminatory motive for adverse action), we find no evidence in the record to support it. It is not supported by the evidence that another officer received only a suspension for DUI; plaintiff twice received only a suspension after being found to have driven while intoxicated.

*Affirmed.*