STATE OF VERMONT
WASHINGTON COUNTY, SS.

FILED

1999 OCT 29 P 1: 00

SUPERIOR COURT
WASHINGTON COUNTY

Marianne Long Perry )
)
v. )
)
State of Vermont, et al. )

Washington Superior Court
Docket No. 260-5-99 Wncv

## ENTRY ORDER

This matter is before the court on the State's "Motion for Permission to Appeal." Plaintiff is represented

by James W. Runcie, Esq. The Defendant is represented by Bridget C. Asay, Special Assistant Attorney General.

On August 20, 1999 this court denied Defendant State of Vermont's Motion to Dismiss the action against

it. Defendant State of Vermont seeks permission for an interlocutory appeal to the Vermont Supreme Court

pursuant to V.R.A.P. 5(b).[1] Dismissal of a claim for failure to state a cause of action should not occur unless it is

beyond doubt that there are no circumstances or facts which plaintiffs could prove that would entitle her to relief.

See *Association of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446 (1985). In considering such a

request, the court must accept as true all well pleaded facts alleged. See *In re Gorton*, 167 Vt. 357, 358-59 (1997).

Under notice pleading, facts set forth in a complaint need not be specific, but only need be sufficient to put

Defendants on notice of the cause of action. See V.R.C.P. 8(a); *Lane v. Town of Grafton*, 166 Vt. 148, 153 (1997)

("[A] pleading is sufficient as long as it gives fair notice of the claim and the grounds upon which it rests.").

Plaintiff has alleged that Defendants' actions in withholding and or giving inaccurate information about the

location of her son's body after his suicide were willful or reckless. (See Pl.'s Compl.) In response to the Motion

to Dismiss, Plaintiff has cited cases that show that depending on the facts that are developed through the discovery

process, and depending on the court's analysis of the applicability of developments in the common law to those

facts, there may be a basis for Plaintiff's claim or claims. (See Pl.'s Mem. of Law in Resp. to Mot. to Dismiss.) If

Plaintiff is able to make out a cause of action against the Defendant Rutland Hospital, Inc., such claim may

---

[1]Defendant Rutland Hospital, Inc.'s Motion to Dismiss was also denied the same day. Defendant Rutland
Hospital, Inc. has not sought permission for an interlocutory appeal.

1

constitute a private analog that would make Defendant State of Vermont's claim of sovereign immunity inapplicable.

For these reasons, dismissal of Plaintiff's claim at this early stage in the case, prior to discovery, is unwarranted, because, as Judge Jenkins explained in his decision: "Pleading is a matter of notice only. The court can't say that beyond doubt there is no way that plaintiff can recover." (Entry Order, Aug. 20, 1999.)

The court cannot conclude that there is "substantial ground for difference of opinion" on whether or not to dismiss the claim at this stage in the proceeding. V.R.A.P. 5(b)(1). There may be substantial ground for difference of opinion in the future on whether or not Plaintiff has shown a basis for a cause of action, but there will be an opportunity for that to be addressed later in the case after specific facts have been developed. It would be premature to make a ruling before discovery. At this stage, the question is whether, based upon facts that only need to meet a notice pleading standard, there is no doubt that Plaintiff will never be able to make out a case. The court cannot say that different judges would have substantial ground for a difference of opinion on the question of dismissal. The court concludes that judges would generally agree that at this stage in the proceeding, it is not certain whether Plaintiff can make out a case or not, and therefore dismissal is unwarranted. Because that is the legal issue, and that is a point about which there is not substantial ground for difference of opinion, Defendant State of Vermont has not presented a basis for interlocutory appeal.

Based on the foregoing reasons, permission for an interlocutory appeal pursuant to V.R.A.P. 5(b)(1) is DENIED.

Dated at Montpelier, Vermont this ___28th___ day of ___October___ 1999.

Hon. Mary Miles Teachout
Superior Judge, presiding

2