VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-249

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

Marilynne Johnson et al. v. Agency of       }      APPEALED FROM:
Transportation (Galloway C. Morris\*)        }
                                            }      Superior Court, Chittenden Unit,
                                            }      Civil Division
                                            }      CASE NO. 20-CV-00554
                                                   Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff Galloway Morris appeals pro se from the trial court's order granting summary judgment to the Agency of Transportation (AOT) as to the width of a portion of U.S. Route 2 in Richmond, Vermont.  Because we cannot discern if plaintiff Morris was provided notice of AOT's motion for summary judgment, we reverse the court's decision as to him and remand for additional proceedings.

The record indicates the following.  AOT authorized a boundary survey for a portion of U.S. Route 2 in Richmond, Vermont, pursuant to 19 V.S.A. § 33(b).  It surveyed Route 2 from the Interstate 89 southbound on-ramp to the location where the Route 2 bridge crosses over Interstate 89 "to verify [its] location and width."  Id.  By statute, the survey must be "based on all available evidence, including survey descriptions, original survey bills, plats, plans, maps, photographs, . . . existing monumentation, present road location, nearby intersections, topography, vegetation, past and current use patterns, and other additional information generally relied on by land surveyors."  Id.  There is a statutory presumption of a three-rod right-of-way if "the location or limits, or both, of the right-of-way . . . cannot be determined on the ground from the available evidence."  Id. § 33(c).  A three-rod right-of-way is also presumed "whenever the original survey was not properly recorded, or the records preserved, or if the terminations and boundaries cannot be determined."  Id. § 32.

The final survey report here depicted AOT's right-of-way as four rods wide.  Various landowners whose properties abut Route 2 appealed this decision to the superior court.  Some plaintiffs were represented by counsel; others, including plaintiff Morris, were pro se.  The cases were consolidated under one docket number and the caption of the case amended to name all plaintiffs with Marilynne Johnson as the lead plaintiff.

Plaintiff Johnson's attorney filed a motion for summary judgment.  Although the various cases were consolidated, it is not apparent from the record that this motion was filed on behalf of

more than one plaintiff or that copies were provided to all plaintiffs. AOT opposed the motion and filed a motion for summary judgment in its favor. Again, the record does not indicate that copies of this motion were provided to pro se plaintiffs, including plaintiff Morris. Plaintiff Johnson did not file an opposition to AOT's statement of facts and the court deemed those facts admitted. See V.R.C.P. 56(c)(2) and (e).

The court granted summary judgment to AOT, indicating that its decision applied to the consolidated cases.[1] It relied on the following undisputed facts. AOT provided its surveyor with a handwritten document entitled "Copy of the Survey of the Winooskie Turnpike Road through the Town of Richmond as recorded in Book 2d Page 461 of Richmond records." While the index to the land records indicated that the original 1812 survey could be found at page 461, that page is missing from the books. The copy of the survey provided to the surveyor was located at the University of Vermont library in the archived records of John Johnson and dates from 1837. That copy indicates that the original survey was recorded on January 31, 1812, and it includes an attestation by the town clerk in 1837 that it is "a true copy of record." The survey lays out the coordinates of what was then known as the Winooskie Turnpike and states that: "this road was laid four rods wide and surveyed in the center pursuant to an act of the Legislature for that purpose November 9th 1811." While the survey referred to three monuments that were vague or could not be recovered, the coordinates of the survey, when overlaid with orthophotos and topographic maps on computer-aided architectural design (CADD) software, verified that the coordinates set forth in the 1812 survey matched the current position of Route 2 in Richmond.

The surveyor also considered the present road location, plats, and existing monumentation. He looked for evidence of monumentation installed during earlier property surveys. Most of the markers that he found were consistent with a four-rod right-of-way. With respect to overall usage of the right-of-way, the surveyor noted some objects did encroach in the right-of-way, including plants and decorative items like rock walls maintained by adjacent owners. No buildings or building additions fell within the right-of-way. Based on the 1812 survey and the information gleaned from other sources referenced above, the surveyor concluded that the Route 2 right-of-way through Richmond was four rods wide.

Plaintiffs challenged the 1812 survey as unreliable because the monuments described therein could not be located. They relied on the statutory presumption in support of a three-rod right-of-way. Plaintiffs also cited a 2022 survey of one plaintiff's property. This survey reflected both a three- and four-rod width for the right-of-way. This surveyor testified that the placement of a slate wall was the main reason he noted the three-rod right-of-way. He acknowledged that the slate wall could have been moved and that he was told that it had in fact been moved about a foot. The court discussed other evidence proffered by plaintiffs as well.

The court concluded that AOT was entitled to judgment in its favor based on the 1812 survey and the information gathered during the statutory survey.[2] It explained that AOT

---

[1] Plaintiff Morris correctly notes that his superior court docket number is not included in the list. This appears to be a mere oversight as there is no explanation provided why plaintiff Morris's case would fall outside the scope of the court's decision.

[2] The court's decision did not rest on the conclusion drawn by the statutory survey and thus the court found it unnecessary to resolve whether the portion of Route 2 in question was a "state highway" as required by 19 V.S.A. § 33(b).

presented uncontroverted evidence that the 1812 survey existed, was recorded in the Richmond land records, and went missing at some point. The 1837 copy of the survey was the next best evidence and it was accepted as proof of the 1812 survey. See V.R.E. 1004(1). The court determined that the statutory presumption of a three-rod right-of-way was overcome by evidence showing that it was four-rods wide. It found that AOT considered the type of evidence identified in 19 V.S.A. § 33(b) in conducting the survey. While several land surveys of properties within the project area depicted a three-rod right-of-way, the court found it significant that no buildings or additions to buildings were found within the four-rod width and that the majority of historic survey markers located were within two feet of the four-rod width. It noted that even plaintiffs' own surveyor found evidence both of a three-rod and of a four-rod width.

The court relied heavily on the 1812 survey, which clearly stated that "the road was laid four rods wide." Based on the 1812 survey and the other evidence relied upon by the State's surveyor, the court found that the statutory presumption had been rebutted and that no reasonable factfinder could conclude that the width of the right-of-way was less than four rods wide. Plaintiff Galloway Morris appealed, after being provided with an extension of time in which to do so. The court found that the consolidation of several cases appeared to have resulted in the court failing to send copies of its rulings to pro se plaintiffs, including plaintiff Morris.

In his initial brief, plaintiff Morris challenges the merits of the court's summary-judgment decision. He argues that the court should not have relied on the copy of the 1812 survey submitted by AOT. Plaintiff asserts that he recently conducted research to find the November 1811 act referenced in the 1812 survey and was unsuccessful. He contends that the Legislature was not in session in November 1811. Plaintiff also cites to a deposition of an AOT expert, which he asserts identifies discrepancies in the 1812 survey that make the document unreliable. According to plaintiff, the northern border of his property has been marked by a stone wall for over 167 years, and in conducting its survey, AOT ignored past and current use patterns, the monument status of the wall, and AOT records related to the wall. Plaintiff also appears to raise taking and estoppel claims. In his reply brief, plaintiff asserts that he was not provided notice of the motions for summary judgment or a timely copy of the court's summary-judgment decision and final judgment order.

Generally, we do not address arguments raised for the first time in a reply brief, mindful that the opposing party has been given no opportunity to respond. See Gallipo v. City of Rutland, 2005 VT 83, ¶ 52, 178 Vt. 244 (explaining that issues not raised in original brief may not be raised for first time in reply brief). Because we cannot discern from the record if plaintiff Morris was provided notice of AOT's motion for summary judgment and an opportunity to respond, however, we reverse and remand the decision as to plaintiff Morris. It may be that the State served plaintiff Morris with a copy of the motion or that the parties agreed to have the lead plaintiff make decisions that controlled the outcome of their claims, but that is not apparent from the record. Notice and an opportunity to respond are fundamental to due process. See, e.g., Rich v. Montpelier Supervisory Dist., 167 Vt. 415, 420 (1998) ("The essential elements of due process are notice and an opportunity to be heard."); Winbourne v. E. Air Lines, Inc., 632 F.2d 219, 223 (2d Cir. 1980) ("As numerous courts have recognized, the purpose of the advance notice provision in Rule 56(c) is to permit the non-moving party a reasonable and meaningful opportunity to challenge the motion . . . . Obviously, when such an opportunity follows, rather than precedes, the entry of judgment against the non-moving party, it cannot fairly be regarded

as either reasonable or meaningful." (citing cases)).  The trial court must resolve the notice issue below and, if notice was provided, it must correct what appears to be a typographical error in its summary-judgment decision and include the docket number for plaintiff Morris's case.  If notice of AOT's motion for summary judgment was properly provided to plaintiff Morris, the summary judgment decision against him will stand as the arguments he raised in this appeal were not raised below.  See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); see also Lane v. Town of Grafton, 166 Vt. 148, 153 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal.").  To the extent plaintiff Morris argues that the court erred in granting summary judgment to the State based on the 1812 survey and the other evidence generated during its survey, we find that argument without merit.

Reversed with respect to plaintiff Morris and remanded for additional proceedings.

BY THE COURT:


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


William D. Cohen, Associate Justice

4